CASE 38.—ACTION BY J. C. HOSKINS AND ANOTHER
   AGAINST C. M. PHILLIPS TO ENFORCE THE EXE-
   CUTION OF A CONTRACT FOR A SALE OF LAND.—
   March 12.

## Phillips v. Hoskins, &c.

Appeal from Jefferson Circuit Court (Chancery
Branch, First Division).

SHACKELFORD MILLER, Judge.

Judgment for plaintiffs.   Defendant appeals.—Af-
firmed.

1. Infants—Disaffirmance of Deed.—A husband, while an infant,
   joined his wife in a deed of trust of her land. After coming
   of age he joined her in a mortgage thereof for another pur-
   pose.   Held, the mortgage operated as a disaffirmance of
   his deed.
2. Husband and Wife—Deed of Wife's Land—Disaffirmance by
   Husband.—Under Ky. St. 1903, section 2129, providing that
   the husband must join in a deed of the wife's land, he having,
   after coming of age, disaffirmed such a deed executed while
   he was an infant, she is not bound thereby.

CHARLES M. LINDSAY for appellant.

POINTS AND AUTHORITIES.

1. The disaffirmance by a husband of a deed executed by
himself and his wife during his infancy, conveying the wife's land,
does not avoid the deed as tot he wife.   (4 Minors Institutes, 56
to 58.)
2. A tenant for life purchasing an encumbrance on the entire
estate is to be treated as purchasing for the joint benefit of
himself and the remainder of reversioner, and cannot hold for
his own exclusive benefit.   (Daviess v. Meyers, 13 B. M., 511;
Bowling's Heirs v. Dobyns, 5 Dana, 446; Morgan's Heirs v.
Boone, 4 Mon., 297.)

R. C. & J. J. DAVIS and CHAS. F. TAYLOR for appellees.

POINTS AND AUTHORITIES.

Disaffirmance by a husband ,after his majority, of a deed executed by himself and his wife during his infancy, conveying the wife's land, avoids the deed as to both husband and wife. (2nd Ed. Am. & Eng. Encyc. of Law, vol. 16, p. 288; 22d Cyc., p. 560; Swafford v. Herd's Admr., 23 Ky. Law Rep., 1556; Moore v. Tisdale, 5 B. Mon., 352.)

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

Bettie Williams and J. C. Hoskins contracted in writing to sell and convey to C. M. Phillips a tract of land in Jefferson county containing about 20 acres. They tendered Phillips a deed in execution of the contract, which he declined to accept, on the ground that there was a defect in the title. This suit was thereupon filed to compel an execution of the contract. The circuit court held the title good, and Phillips appeals.

It is undisputed that Mrs. Williams owned the land in 1895. She was then the wife of T. D. Williams, from whom she has since been divorced. On October 31, 1895, she and her husband made a deed to R. H. Hoskins by which they conveyed to him the land in question and some other property, in trust for her sole and separate use, and for the use and benefit of the children of her body. At the time this deed was made Mrs. Williams was of age, but her husband, T. D. Williams, was not of age. She had at the time one child, who is an infant, and still living. After the execution of the deed the Farmers' & Drovers' Bank brought suits against her, and took out attachments, which were levied on the land. The circuit court sustained the attachments, and gave judgments against Mrs. Williams amounting to $10,000. She superseded

the judgments with R. H. Hoskins as her surety, and he also signed as her surety certain bonds to secure the discharge of some attachments.   To secure Hoskins she and her husband, T. D. Williams, on July 23, 1896, and after her husband became of age, executed a mortgage to Hoskins by which they mortgaged the property to him to secure him as surety on the bonds referred to.   After this had been done the John C. Lewis Company brought an action upon a return of no property found, in which it sought to subject the property to its debt.   Hoskins in that action set up his mortgage.   The case progressed to judgment.   The court ordered the land sold and the proceeds of the sale to remain subject to the order of the court.   The land was sold, and brought something over $10,000. It was bought in for Mrs. Williams, and she paid the purchase money bonds.   After all this the judgments against Mrs. Williams were affirmed by this court.   In these proceedings the infant child of Mrs. Williams was not made a party, and it is insisted that Mrs. Williams' title to the land is not perfect.

By section 2128, Ky. Stats., 1903, a wife may make contracts as a single woman, except that she may not make any executory contract to sell or convey or mortgage her real estate, unless her husband join in the contract.   By section 2129 the husband and wife may sell and convey her lands, but the conveyance must be acknowledged and recorded in the manner required by section 506, Ky. Stats., 1903, which is in these words: ''The conveyance may be by the joint deed of husband and wife or by separate instrument; but in the latter case the husband must first convey, or have theretofore conveyed.   The deed as to the husband may be acknowledged or proved, and recorded as hertofore provided.''

The purpose of the statute in requiring that the husband must join in conveyances of the wife's land is not only to protect the husband in his rights, but to protect the wife by giving her the counsel and guidance of her husband. In the case at bar the husband was an infant when the deed of trust to Hoskins was executed. The deed was not void as to him, but it was voidable. He had the right to ratify it when he became of age, or to disaffirm it if he saw proper. After he became of age he united with his wife in the mortgage of the property to Hoskins. This instrument made an entirely different disposition of the property from that made by the deed of trust. The deed of trust set apart the property for one purpose. The deed of mortgage applied it to another. The latter instrument was inconsistent with the former and, being inconsistent, operated as a disaffirmance by the husband of the deed which he had executed during his infancy. The purpose of the statute regulating the conveyance of the wife's land would be entirely defeated if she was held bound by the deed made when her husband was an infant, and after he had, upon becoming of age, disaffirmed it.

Under the statute the wife's land may be conveyed by the joint deed of the husband and wife. Her powers are from the statute, and she can not convey her land except in the manner provided by it. To be a conveyance of the wife's land under the statute, the deed must be the valid act of the husband, otherwise he has not conveyed. To hold her bound by a deed not binding on the husband or valid as to him would be to allowed her to convey her land without the concurrence of the husband. This would be to deny to the statute the fair meaning and effect of the words used. Her land may be conveyed by the joint deed of herself

and her husband; but when the instrument is of no effect as to the husband, it is not the joint deed of himself and wife. It is only her deed, and she can not by her deed alone convey her land.

We, therefore, conclude that Mrs. Williams was not bound by the deed of trust executed to R. H. Hoskins in 1895, and that the title to the property remained in her notwithstanding the execution of this instrument. This being true, her son has no interest in the property, and her title to it is the same as it was before this deed was executed.

Judgment affirmed.