CASE 65.—SUIT BY SARAH C. DOBBS BAKER AGAINST THE AYER & LORD TIE COMPANY.—May 24, 1910.

## Ayre & Lord Tie Co. v. Baker.

Appeal from Muhlenberg Circuit Court.

W. P. SANDIDGE, Circuit Judge.

Decree for complainant, and defendants appeal.— Reversed, with directions to dismiss.

1. Alteration of Instruments—Married Woman's Deed—Change of Grantee.—Where, after the execution of a married woman's deed, the name of the grantee was changed, without her knowledge and consent, and there was no re-signing and re-acknowledgment by her in the manner required by statute, the deed as to her was void.

2. Estoppel—Married Woman.—A married woman may, by her acts and declarations, estop herself to claim property when to permit her to do so would operate as a fraud.

3. Estoppel—Married Woman—Evidence.—The grantee in a married woman's deed having been changed without her knowledge or consent, and the deed not having been re-executed and acknowledged, she was informed shortly thereafter of the fact that the new grantee had taken and paid for the land, and that the consideration had been used by her husband in paying for a tract containing the land conveyed. She permitted the grantee to put the deed on record, the record failing to show that any alteration had been made, and permitted the new grantee to take possession and exercise acts of ownership over the land, and on one occasion

paid for timber cut therefrom by her agents by mistake. Held, that she was estopped to deny the validity of the deed.

C. C. GRASSHAM, E. N. MAYHIGH and ROBERT HARDISON JR., for appellants.

TAYLOR & EAVES for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Reversing.

Sarah C. Dobbs (now Sarah C. Baker) received from her husband by a former marriage $700, which he had deposited to her credit in the Green River Deposit Bank. She entered into a contract with one W. H. Cox, whereby she agreed to purchase from him a tract of land containing 150 acres, located in Muhlenberg county, Ky. The purchase price to be paid was $1,200. Having on hand only $700, appellee arranged to raise the remaining $500 of the purchase price in the following manner: M. D. Tipton agreed to take 59 acres of the land at the price of $500. He was to sell timber on the land to the Ayer & Lord Tie Company for $400 and was to furnish, himself, the remaining $100 of the purchase price. It also appears from the record that Tipton agreed with Mrs. Dobbs that, after the timber was taken off, he was to give her the refusal to buy the land back at the price of $100. W. H. Cox prepared his deed to the 150 acres of land about two months before its execution and delivery to Mrs. Dobbs on November 23, 1903. Mrs. Dobbs and her husband, T. M. Dobbs, who was attending to the matter for his wife, executed and acknowledged to M. D. Tipton a deed conveying to him the 59 acres of land in controversy. This deed was not delivered to Tipton, because the

Ayer & Lord Tie Company refused to take the timber and pay $400 therefor without securing a title to the land upon which the timber was located. After the deed of Tipton was executed and acknowledged T. M. Dobbs, acting for his wife, agreed to convey the land to the Ayer & Lord Tie Company for the recited consideration of $500. Instead of executing and acknowledging a new deed, the parties went to the town of Rochester, and there changed the grantee in the deed by substituting the Ayer & Lord Tie Company in place of M. D. Tipton. Thereupon the agent of the Ayer & Lord Tie Company delivered to T. M. Dobbs a draft for $500 payable to Mrs. Dobbs. The name of Mrs. Dobbs was indorsed on the draft. She claims, however, that neither she nor her husband wrote the indorsement. However this may be, the money obtained upon the draft, together with the $700 on deposit in the Green River Deposit Bank, was immediately turned over to W. H. Cox, who then delivered his deed conveying to Mrs. Dobbs the tract of 150 acres containing the 59 acres in controversy. Soon after this transaction was completed, T. M. Dobbs returned to his home and informed his wife that the Ayer & Lord Tie Company had taken the land and paid the purchase price of $500. The land lay adjacent to that of Mrs. Dobbs and could be easily seen from her home. Thereafter the Ayer & Lord Tie Company placed its deed on record, and the deed as recorded showed no change in, or alteration of, the deed. Some time later the Ayer & Lord Tie Company took possession of the land, and during the next few years proceeded to cut the timber off. On February 17, 1908, the Ayer & Lord Tie Company, by deed of record in the Muhlenberg county clerk's office, conveyed the land in question to J. D. Arendell. The

latter afterwards conveyed the property to his son, Walter Arendell.  On July 24, 1903, Sarah C. Dobbs instituted this action against the Ayer & Lord Tie Company and J. D. Arendell to recover the land in controversy, on the ground that the deed was fraudulently and materially altered, and therefore, invalid. The Ayer & Lord Tie Company, after denying the allegations of the petition, interposed a plea of estoppel.    Arendell pleaded that he was an innocent purchaser for value without notice.  Upon submission of the case, judgment was rendered in favor of Mrs. Dobbs for the land in question.  The Ayer & Lord Tie Company was given a lien upon the land for the amount of the purchase  price, $500, and interest. This sum was credited by the sum of $400, the value of the timber removed, with interest from November 23, 1903.  From this judgment the Ayer & Lord Tie Company and Walter Arendell, who purchased the land from his father, and his wife, Laura J. Arendell, appeal.

In order for the deed of a married woman to be valid, it must be signed and acknowledged in  the manner required by the chapter on Conveyances, Ky. St.  In the case before us, Mrs. Dobbs did not sign and acknowledge the deed to the Ayer & Lord Tie Company.  So far as this record shows the name of the grantee was changed without her knowledge  or consent.  That being the case, the deed delivered to the Ayer & Lord Tie Company was never signed and acknowledged by Mrs. Dobbs, and is, therefore, of no effect.

The only question, then, before us is whether or not appellants' plea of estoppel is available.  While as a general thing the courts are loath to hold that a

married woman may divest herself of her property in any way other than that prescribed by statute, yet we have repeatedly held that a married woman may by her acts and declarations estop herself from asserting dower or other claims, when to permit her to do so would operate as a fraud. Dulaney v. Figg, 123 Ky. 291, 94 S. W. 658, 29 Ky. Law Rep. 678; Bull v. Sevier, 88 Ky. 515, 11 S. W. 506, 11 Ky. Law Rep. 32; Floyd v. Mackey, 112 Ky. 646, 66 S. W. 518, 23 Ky. Law Rep. 2030. The estoppel in such cases is rested altogether upon the doctrine that a married woman will not be allowed to use her coverture to perpetrate a fraud. If the element of fraud is wanting, the doctrine of estoppel will not be applied. Mays v. Pelly et al., 125 S. W. 713. Mrs. Dobbs, while claiming that she did not know of the change in the deed before it was made, admits that she was informed within a short time of the fact that appellant the Ayer & Lord Tie Company had taken and paid for the land. She knew that the deed had been made to appellant. She also knew that the $500 paid by appellant was taken and used by her husband in paying for the 150 acres of land, of which the 59 acres was a part. Knowing these facts, she permitted appellant to put to record the deed in question, which, upon its face, did not show that any alteration had been made. She stood by and permitted appellant to take possession of the land and to exercise acts of ownership over it; indeed, she went so far in this direction as herself to pay for timber on the land in question which her agents had cut by mistake. She always spoke of the land in question as the company's land. Arendell testified that she told him that she was not claiming any interest in the land. This she denies, and says that she told him that she was claiming an

interest in the land.  This latter statement of hers, however, is inconsistent with the  statement made upon the witness stand that, as a matter of fact, she did not claim any interest in the land.  Nor does she deny that she made the statement to Arendell and others that the land was the company's land; on the contrary, she admits having made these statments. When Arendell was having the 59 acres of land surveyed, he had only a copy of the deed as recorded in the county clerk's office, and, as said before, the deed as recorded  shows  no change in the name of the grantee.  Having obtained the advantage of the purchase price paid by the Ayer & Lord Tie Company, and having remained silent after  she had become fully informed of the facts of her transaction, having suffered the deed as changed to be put to record, so that a purchaser could and did rely upon it, having permitted the Ayer & Lord Tie Company to treat the property as its own, and having publicly stated that it was the Ayer & Lord Tie Company's land, having stood by and seen the timber taken off the land, then sold to a party to whom she had stated it was the Ayer & Lord Tie Company's land, and having waited until four years and nine months after the transaction took place without having repudiated the same, or sought relief in the courts, we conclude that it would be a fraud upon appellant's rights to permit her now to recover this  land.    It follows that the plea of estoppel is good.

Judgment  reversed,  and  cause remanded, with directions to dismiss the petition.