## Syck, et al. v. Hellier, et al.

(Decided October 21, 1910.)

### Appeal from Pike Circuit Court.

1. Deeds of Infants—Voidable—Election to Confirm—Act in Pais.— The rule is that the deed of an infant conveying real estate where any valuable consideration passes to him is not void but voidable. After his disability is removed he may elect to confirm

or avoid it. To confirm it, it is not indispensable that he should re-acknowledge the first deed or execute a new one. He may do so after full age by an act in pais.

2. Same—Ratification—Positive Act—Retention of Purchase Money.—Conveyances of an infant are not so easily ratified as his purchases, something more than bare recognition or silent acquiescence is necessary to a binding confirmation unless prolonged for the statutory limitation. There must be some positive act or words of the minor from which his assent of the deed executed during his minority may be inferred. The mere retention of the purchase money does not amount to a confirmation of the deed.

3. Deed of Married Woman—Failure of Husband to Unite—Validity.—The deed of a married woman is invalid where her husband fails to unite with her therein or has not theretofore made a separate conveyance of his interest to the vendee.

4. Dower—Estoppel to Claim.—A married woman cannot estop herself by her acts and declarations from asserting dower and other claims to land except in those cases where to permit her to do so would operate as a fraud.

5. Action Pending—Innocent Purchaser Without Notice.—The mere fact that no notice of the pendency of an action was filed in the county clerk's office where the rights of the widow and children were fixed as to the property in controversy is not sufficient to make appellees innocent purchasers for value without notice.                    ,        ,

P. B. STRATTON for appellants.

BUTLER & MOORE and J. S. CLINE for appellees.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Reversing.

Richard Syck, a resident of Pike county, Kentucky, died in the year 1891. He left surviving him Sallie A. Syck, his widow, and five children, namely: Oscar Syck, Polly Williams, Richard Syck, Jr., W. B. Syck and Orpha Ratliff. At the time of his death he was the owner of a large boundary of land just across the river from Pikeville. In 1876, Richard Syck owned another tract which was located on the waters of Chloe Creek, some distance from his home farm near Pikeville. This latter tract is the one in controversy, and consists of about 223 acres. On May 18th, 1875, there issued from the office of the clerk of the Pike circuit court an execution in favor of John Johnson against Richard Syck. This execution was levied upon the land in controversy, and it was sold by the sheriff of Pike county. A. J. Hatcher and others became the purchasers. They transferred

their bid to Sallie A. Syck, the widow of Richard Syck. Pursuant to said transfer and payment, the sheriff, on March 21st, 1893, executed to her a deed to said land.

Some time after the death of Richard Syck, his widow, Sallie A. Syck, instituted an action in the Pike county court against her children, alleging that she was the owner of all the land which her husband claimed to own at the time of his death; or, at least, a large part of the same, because it had been purchased with the proceeds of the sale of a farm which she had formerly owned. To this action Polly Williams filed an answer and asked that the estate of her father, Richard Syck, be settled. Sallie A. Syck then withdrew her petition and asked that she be made a party defendant. By answer she set up claim to both tracts of land. The case was afterwards transferred to the Pike circuit court. Some proof was heard, but, before the determination of the questions involved, an agreed judgment was entered. This provided that Sallie A. Syck's purchase of the Chloe Creek tract of 223 acres inured to the benefit of her children, but that she had a lien thereon to secure the payment of the sum of $225, with interest from March 21, 1893. The court further adjudged that both the home farm and the Chloe Creek tract descended to Richard Syck's children as his heirs at law, subject to Sallie A. Syck's right to homestead and dower therein. She was then awarded possession, use and control of the home farm during life. From the commissioner's report, filed in said action, it develops that Richard Syck's indebtedness amounted to about $463, and that his personal property, over and above that allotted to the widow, was not sufficient to pay his debts. After the widow took possession of the home farm, she seems to have allotted certain portions of it to her children.

On December 4th, 1897, Sarah A. Syck, Polly Williams, Richard Syck and Maggie Syck, his wife, W. B. Syck and Ella Syck, his wife, Orpha Ratliff and R. H. Ratliff, her husband, conveyed by deed the Chloe Creek tract of 223 acres to R. A. Hellier; the consideration was $446 cash. At the time of this conveyance Oscar Syck was an infant and Polly Williams was a married woman. Her husband did not unite with her in the deed, nor had he theretofore made conveyance of the property to the grantee. On January 26th, 1901, R. A. Hellier and wife conveyed the surface of the land in controversy to Anna L. Huffman. Thereafter Anna L. Huffman died, leav-

ing surviving her two children, Eliner Hatcher and Joe Huffman, both under age. R. A. Hellier died in the year 1907, intestate, and left surviving him his widow, Lida E. Hellier, and two infant sons, Charles E. Helier and James Earl Hellier. On August 19th, 1902, the Big Sandy Company, a corporation, purchased the coal and mineral rights in and under the land in controversy from R. A. Hellier. trustee, R. A. Hellier and Lida E. Hellier.

Appellant, Oscar Syck, brought this action within ten years after reaching his majority, against Lida E. Hellier and others, claiming an interest in the land under the conveyances referred to, and asking that the deed of December 4th, 1897, to R. A. Hellier, be set aside on the ground of his being an infant at the time of its execution. Appellant, Polly Williams, who was made a defendant to the action, came in by answer and cross petition and charged that the deed, so far as she was concerned, was void because she was a married woman at the time and her husband had not united with her in the deed or theretofore conveyed his interest in the property to the grantee. Appellees, after denying the allegations of the petition and answer and cross petition of Polly Williams, defended on two grounds: First, ratification and estoppel; second, that the legal title to the tract in controversy was in Sallie A. Syck; that the parties to the action in the Pike circuit court, wherein the title to the land in controversy was involved, failed to file a lis pendens notice under section 2358a, Ky. Stats., and that appellees were innocent purchasers of the property for value without notice. Appellants demurred to the paragraphs of the respective answers, setting forth the two foregoing defenses, but their demurrers were overruled. Proof was then heard, and judgment entered in favor of appellees. From that judgment this appeal is prosecuted.

The evidence shows that Richard Syck, at the time it was sought to settle his estate, had debts amounting to about $463. In addition to this, his widow had a lien on the tract in controversy for the sum of $225, with interest as set out above. The purchase money of $446, paid by R. A. Hellier, was used to pay off these debts. It is the contetion of appellees that the home farm, which was very valuable, was thus saved to the widow and children; that the latter then moved upon the farm, and each of the children thus secured an estate of the value of about

$2,000; that appellant, Oscar Syck, lived upon the home farm, had a portion of it allotted to him, and thus continued to accept the benefit of the purchase money paid by R. A. Hellier; that by reason of these facts he has ratified the sale made by him, and is now estopped to assert the contrary. The rule is that the deed of an infant conveying real estate, where any valuable consideration passes to him, is not void, but voidable. After his disability is removed he may elect to confirm or avoid it. To confirm, it is not indispensable that he should re-acknowledge the first deed or execute a new one. He may do so after full age by an act in pais. But conveyances of an infant are not so easily ratified as his purchases; something more than bare recognition or silent acquiescence is necessary to a binding confirmation, unless prolonged for the statutory limitation. There must be some positive act, or words of the minor, from which his assent of the deed executed during his minority may be inferred. The mere retention of the purchase money paid to him during his minority does not amount to a confirmation of the deed. (Hoffert v. Miller, 86 Ky. 572; Tyler on Infancy and Coverture, 84; 2 Kent's Com., 238; Wheaton v. East, 5 Yerger, 41.) In the case before us the consideration was not even paid to appellant during his infancy; but, indirectly, he received the benefit of the purchase money. His continued enjoyment of this benefit after he attained his majority did not, however, amount to a confirmation of the deed that he made during his infancy.

It is well settled that the deed of a married woman is invalid where her husband fails to unite with her in the deed, or has not theretofore made a separate conveyance of his interest to the vendee. (Kennedy v. Ten Broeck, 11 Bush 241; Louisville Railway Co. v. Stephens, 96 Ky. 401; Mays v. Pelley, 125 S. W. 713.) It is insisted, however, that appellant, Polly Williams, is estopped to plead her coverture by reason of the fact that she, too, enjoyed a portion of the home farm; that she knew of the sale by R. A. Hellier to the other appellees, and that a portion of the lumber removed from the place was carried right by her house and her husband helped remove it. But a married woman can not estop herself by her acts and declarations from asserting dower and other claims to land, except in those cases where to permit her to do so would operate as a fraud. (Mays v. Pelley, supra.) The mere fact that she continued to enjoy the

home farm and that she knew that Hellier had conveyed the tract in controversy to others, and that they were using it as their own and removing timber therefrom, is not sufficient to work estoppel against appellant. Nor is the fact that she has failed to offer to return her portion of the consideration, which was never paid to her, but which went towards the payment of her father's debts, sufficient to prevent a recovery in this case.

The mere fact that no notice of the pendency of the action, wherein the rights of the widow and children were fixed as to the property in controversy, was filed, is not sufficient to make appellees innocent purchasers for value without notice. It was incumbent upon them to show, as a matter of fact, that they did not know of the pendency of the action referred to, but relied upon the record title of Sallie A. Syck. This they failed to do. Not only so, but the fact that the Helliers took a deed to the property from the widow and children is a strong circumstance tending to show knowledge on the part of Hellier and his subsequent grantees. It follows, therefore, that they have failed in their defense so far as this aspect of the case is concerned.

Upon the whole case, we conclude that appellants are entitled to have the deed set aside. If the land is susceptible of division without materially impairing its value, it should be divided and the respective interests of the appellants set off to them; otherwise, the whole tract will be sold. Appellees, according to their respective interests, will be given a lien on the interest of appellants to secure their portions of the original purchase price, with interest thereon from the date of payment. Appellees will also be given credit for such taxes as they may have paid, with interest thereon from the time of each payment. As the value of the land has not been enhanced by any improvements, the foregoing will be the only credits to which appellees are entitled. Appellants will be permitted to set off against the foregoing their respective shares of the reasonable rental value of the tract of land in controversy, and the market value of any timber which appellees may have removed from the land. Upon all these questions the court may hear additional proof.

Judgment reversed and cause remanded for proceedings consistent with this opinion.