## McCandles v. Commonwealth.

(Decided December 15, 1911.)

Appeal from Metcalfe Circuit Court.

1. Local Option—Section 2557b, Kentucky Statutes—Offense of Having Intoxicating Liquor in One's Possession for the Purpose of Sale in Local Option Territory.—It is not necessary to sustain a conviction under section 2557b, Kentucky Statutes, for the offense of having spirituous, vinous or malt liquor in ones possession for the purpose of selling same in territory where the local option law is in force, to allege and prove that the defendant had such liquor in his possession for the purpose of furnishing or seelling it to another, for the purpose of sale by the latter in local option territory; the defendant is guilty if he have such liquor in his possession for the purpose of selling it himself in territory where the local option law is in force.

2. Former Conviction.—A conviction for selling spirituous, vinous or malt liquors in local option territory is not a bar to a prosecution for having such liquors in one's possession for the purpose of selling them in such territory, where the evidence shows that the defendant had in his possession for the purpose of sale other whiskey than that sold to the prosecuting witness and for the sale of which the defendant was previously convicted.

J. R. BEAUCHAMP for appellant.

JAS. BREATHITT, Attorney General and CHAS. H. MORRIS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, Commissioner—Affirming.

On October 8, 1910, the grand jury of Metcalfe County returned an indictment against appellant, Bud McCandles, charging him with the offense of having

unlawfully in his possession spirituous, vinous and malt liquors for the purpose of selling them in local option territory. The indictment charged that McCandles on the blank day of December, 1910, and within twelve months before the finding of the indictment, "did unlawfully have in his possession spirituous, vinous and malt liquors for sale, and did sell same to Leeper Yates in violation of local option law then and there in force. Contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the Commonwealth of Kentucky." When the case was called, appellant moved the court to require the Commonwealth to elect whether it would prosecute him for the offense of selling or for the offense of having such liquor in his possession for the purpose of sale in local option territory. The motion was sustained and the Commonwealth elected to prosecute for the offense of having the liquors in his possession for the purpose of sale in local option territory. Appellant then demurred to the indictment, but it was overruled. A trial was had and the jury returned a verdict of guilty, fixing the punishment at a fine of $80.00 and ten days in jail, and this appeal is prosecuted from the judgment of conviction.

The only evidence in the case is that given by Leeper Yates, a witness for the Commonwealth. He testified that he bought one pint of whisky from Bud McCandles in December, 1909, at his place of business in Edmonson, Metcalfe county, Kentucky, and paid him fifty cents for it; that after that, but in the same month and year and at the same place, he bought another pint of whisky from appellant and paid him fifty cents for it; that at the times he purchased the whisky, he saw some other bottles on the shelf where appellant got the ones he sold him, which had something in them, but he did not know what it was—whether it was whisky or not, but that the bottles were like the ones appellant sold him and the bottle contained whisky. On cross examination, the witness stated that appellant was engaged in the family grocery business and also ran a drug store in the same building at the time he bought the whisky from him. The witness went before the grand jury of Metcalfe county and indicted appellant for selling him the whisky, in two cases, and at the October term, 1910, the indictments were called for

trial and appellant withdrew his plea of not guilty and entered a plea of guilty in each case and was fined $60.00 in each one.

The witness did not know what was in the bottles on the shelves. After appellant was fined in both cases for selling the witness the whisky, the witness again went before the grand jury and told about buying the whisky and the grand jury found the present indictment against appellant for having whisky in his possession for the purpose of sale. Appellant sold the witness the whisky to drink and he did drink it; he was not acting as agent for any one and appellant did not sell him the whisky to sell to another to carry into local option territory to sell.

It is insisted for appellant that the indictment and evidence were not sufficient to sustain the conviction because it was not alleged nor proved that he had whisky in his possession for the purpose of furnishing or selling it to another for the purpose of resale in local option territory. In support of this contention appellant relies upon the case of Sizemore v. Commonwealth, 140 Ky., 388. While one or two expressions in that opinion may tend to support appellant's contention, it was not intended to hold in that case that in order to convict a person under section 2557b, Kentucky Statutes, for the offense of having in one's possession spirituous, vinous and malt liquors for the purpose of selling them in any territory where the local option law is in force, the indictment should charge and the proof show that defendant had such liquors in his possession for the purpose of furnishing or selling them to another for the purpose of sale by the latter in local option territory. On the contrary, it has been held in several cases that a person may be punished under sub-section 2 of section 2557b, Kentucky Statutes, if he has in his possession spirituous, vinous or malt liquors for the purpose of selling them himself in local option territory. (Anderson v. Commonwealth, 143 Ky., 87, and King v. Commonwealth, 143 Ky., 125.)

It is next insisted that as appellant is a druggist, he is not liable under the Statutes for having spirituous, vinous or malt liquors in his possession for the purpose of selling them in local option territory. This defense is not available because it was not shown that he had a license authorizing him to sell liquors or that in mak-

ing the sale he complied with the provisions of the Statutes requiring a physician's certificate.

Lastly, it is insisted that appellant having been convicted of the offense of selling in local option territory, he cannot be again convicted upon exactly the same evidence for having intoxicating liquors in his possession for the purpose of selling them in local option territory, as two offenses connot be carved out of the same state of facts. Under our Statutes, the selling of spirituous, vinous or malt liquors in local option territory and having in one's possession such liquors for the purpose of selling them in local option territory, are separate and distinct offenses. To prove the first there must be evidence to the effect that a sale was actually made, but to sustain a conviction for the latter offense, proof of an actual sale is not necessary. The defendant's purpose may be shown by proof of the circumstances attending his possession. Thus, it will be seen that an additional element of proof is required to sustain a conviction for the offense of selling in local option territory.

Whether or not the defendant could be convicted of the offense of selling and then of the offense of having in his possession for the purpose of sale the identical whisky which he was charged with selling, is a question we deem unnecessary to decide, for the evidence tends to show that appellant had in his possession for the purpose of sale in local option territory other whisky than that he sold to the prosecuting witness. While the prosecuting witness was unable to say whether or not the bottles he observed upon appellant's shelves contained whisky, he did state that they contained something and were similar in size and appearance to the two bottles which he purchased, and it is by no means probable that the two particular bottles which appellant sold the prosecuting witness were the only ones out of a large number of similar bottles that contained whisky. That he had these bottles of whisky for sale is shown by the fact that he was a groceryman and druggist and had them upon his shelves where he had other things for sale. Disregarding, therefore, the sale of the two particular pints which the prosecuting witness bought and for the sale of which appellant was previously prosecuted and convicted, we conclude that there was sufficient evidence that appellant had in his

possession other whisky for the purpose of selling it in local option territory, to sustain a conviction.

Judgment affirmed.