## Mueller v. Ragsdale, et al.

(Decided April 16, 1914.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1.   Specific Performance—Disaffirmance of Contract of Sale.—In an action to compel specific performance of a contract to convey land, the relief sought was properly decreed, the former husband of plaintiff having disaffirmed his contract of sale by the execution of a mortgage on the property in which he joined after becoming of age, leaving the title of the property conveyed in the plaintiff.

2.   Husband and Wife—Conveyance of Wife's Land.—Under the statute, the wife's land may be conveyed by the joint deed of the husband and wife.   Her powers are from the statute and she cannot convey her land except in the manner provided by it.

3.   Contracts—Disaffirmance.—One may not at maturity disaffirm that part of a contract which is distasteful, or hurtful to him, and ratify the residue, making it binding on the other party for such purposes as may be of benefit to him.

OSCAR O. BADER for appellant.

J. C. DODD, A. P. DODD for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The judgment appealed from decrees specific performance by appellant of a contract to purchase from appellees an undivided one-eighth remainder interest in the tract of land described in the petition.   Appellant resisted upon a plea of deficient title, but the lower court

adjudged that appellee, Bettie R. Ragsdale, was the sole owner of the one-eighth interest claimed, and had power to convey it. Appellant admits that on October 31, 1895, she was the owner of such an interest, but insists that because of the subsequent transactions, hereafter referred to, her infant child was invested with such an interest that appellant cannot now convey the fee title. On October 31, 1895, appellee, and her then husband, Thomas B. Williams, executed a trust deed to R. H. Hoskins. The consideration for the deed, its purposes, and the effect intended, as well as the property transferred, is shown by the following clause taken from it:

"WITNESSETH: That whereas the said Bettie S. Williams, in her own right, is the owner of a large amount of property, real and personal, and whereas it is the desire and wish of the parties of the first part that this entire property and estate should be secured to the said Bettie S. Williams for her sole, separate and exclusive use and for the use and benefit of the children of her body, and that it should be managed, controlled, sold, invested and re-invested for her benefit, maintenance and support, and in the interest and for the benefit of the children of her body, so that it may be made productive of income and profit, and so far as can be, the principal or corpus of the estate preserved."

It is also conceded that the husband, Thomas B. Williams, had no interest in the property other than that accruing to him by virtue of the marriage, and that he was an infant under 21 years when he executed the trust deed. On July 23, 1896, and after he had arrived at maturity, he joined with his wife in a mortgage to the same R. H. Hoskins, for the purpose of indemnifying Hoskins as their surety on certain obligations which Hoskins then assumed, approximating $5,000.00. This mortgage described with more particularity than the trust deed the several tracts of land covered by it, as well as pledges of certain bonds, or securities. It is admitted that while this mortgaged realty was a part of the same covered by the trust deed, yet the undivided one-eighth interest in the tract in controversy here, was not embraced in, or covered by the mortgage.

Some time after the execution of the mortgage, appellee was divorced from her husband, Williams, and has since become, and is now, the wife of E. W. Ragsdale, and she is the mother of one child, an infant. To support her claim that her infant child has no title under

the trust deed, and her right, in conjunction with her husband, Ragsdale, to convey the property in question, appellees rely upon the case of Phillips v. Hoskins, &c., decided by this court, and reported in 128 Ky., 371. This case arose from an attempt of the same Mrs. Williams, and the same trustee Hoskins to require Phillips to perform a contract of purchase. The only difference between the Phillips case and this one is, that Phillips contracted to purchase a part of the land covered by the mortgage, while the land in this case was not in the mortgage. The plea there, as well as in this case, was that the mortgage being inconsistent with the trust deed, the husband Williams, after maturity, when he joined in the mortgage, thereby disaffirmed, and nullified the trust deed which he had signed while an infant. The argument was that the trust deed then was void, because it had been executed by a married woman, and in which her husband, in effect, did not join. In the Phillips case, supra, this court adopted appellees' theory, in the following language:

"The deed of trust set apart the property for one purpose; the deed of mortgage applied it to another. The latter instrument was inconsistent with the former, and, being inconsistent, operated as a disaffirmance by the husband, of the deed which he had executed during his infancy. The purpose of the statute regulating the conveyance of the wife's land would be entirely defeated if she was bound by the deed made when her husband was an infant and after he had, upon becoming of age, disaffirmed it.

Under the statute the wife's land may be conveyed by the joint deed of the husband and wife. Her powers are from the statute and she cannot convey her land except in the manner provided by it. To be a conveyance of the wife's land under the statute, the deed must be the valid act of the husband, otherwise he has not conveyed. To hold her bound by a deed not binding on the husband or valid as to him would be to allow her to convey her land without the concurrence of the husband. This would be to deny to the statute the fair meaning and effect of the words used. Her land may be conveyed by the joint deed of herself and her husband, but when the instrument is of no effect as to the husband, it is not the joint deed of himself and wife. It is only her deed, and she cannot, by her deed alone, convey her land.

We, therefore, conclude that Mrs. Williams, was not bound by the deed of trust executed to R. H Hoskins in 1895, and that the title to the property remained in her notwithstanding the execution of this instrument. This being true, her son has no interest in the property, and her title to it is the same as it was before this deed was executed."

Appellant contends that in the opinion just quoted, the court held that Williams disaffirmed the trust deed only to the extent of property embraced in the mortgage. The court held, however, in plain terms that it operated as a disaffirmance of the deed—the whole of it—which he had executed during his infancy. One may not at maturity disaffirm that part of a contract which has become distasteful, or was hurtful to him, and ratify the residue, making it binding on the other party for such purposes as may be of benefit to him. Since the execution of the mortgage operated as a disaffirmance and nullification of the trust deed made in infancy, it must be held to nullify the deed in its entirety. With the trust deed out of the way, there is no obstacle to her conveyance. They tender a fee simple title to appellant, and the judgment of the lower court is therefore affirmed.