## Looney v. Elkhorn Land & Improvement Company.

(Decided June 9, 1922.)

### Appeal from Pike Circuit Court.

1. Husband and Wife—Conveyance of Real Estate.—Under the construction heretofore placed on sections 506 and 2128 of the Kentucky Statutes, a wife cannot by her separate deed convey real estate unless her husband had made conveyance prior thereto by his separate deed, and unless he joins in the deed or executes a separate one her attempted deed without it will be void.

2. Estoppel—Not Founded Upon Contract—Exceptions.—The general rule is that an estoppel can not be founded upon a void contract, but an exception to the rule is that if the contract is not inherently vicious and was procured by the positive and active fraud of the one sought to be estopped, then an avoidance or repudiation of it will not be allowed, since to do so would allow one to reap the benefits and fruits of his own positive fraudulent acts and conduct.

3. Husband and Wife—Avoidance of Deed—Estoppel.—Where a wife represented by affidavit to her proposed vendee that she was an adult and unmarried, and she inserted the same statement as a covenant in her deed, she will be estopped to avoid it by a subsequent action filed by her for that purpose.

4. Infants—Estoppel.—An infant representing himself or herself to be of age, when his or her size, maturity and appearance did not indicate to the contrary but fortified the statement, an estoppel will arise to prevent an avoidance of the contract on the ground of infancy.

J. E. CHILDERS for appellant.

STRATTON & STEPHENSON for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant and plaintiff below, Malinda J. Looney, filed this action in the Pike circuit court against appellee and defendant below, Elkhorn Land & Improvement Company, seeking to establish her title to a 1/40 undivided in-

terest in and to a tract of land to which defendant claimed the entire title.  She alleged that the land could be divided by allotting to her the interest she claimed without materially impairing the value of each share. The answer denied her title and asserted entire ownership of the land in defendant.  The defensive pleading also set out the facts by which it was claimed that plaintiff had divested herself of any interest in the land which were, that on April 10, 1902, she in the name of Malinda J. Hogston executed a deed for her undivided interest in the land in controversy to E. S. Baker in which she covenanted and agreed that "The party of the first part hereby covenants that she is over the age of 21 years old, unmarried and legally able to convey said land," and that defendant who bought the land from Baker two years thereafter was an innocent purchaser and that plaintiff was estopped to assert any legal incapacity on her part to make the deed or any invalidity thereof.  Appropriate pleadings made the issues and upon submission the court dismissed the petition, and to reverse that judgment she has appealed.

The proof shows without contradiction and indeed it is so stipulated that plaintiff is a remote descendant of William Ramey and as such inherited from her mother a 1/40 undivided interest in the land.  It is therefore unnecessary for us to state the persons or their interests through whom plaintiff claims.  In addition to the above covenant contained in plaintiff's deed to Baker the latter testified that plaintiff at the time she executed that deed, and before receiving the consideration therefor (which was $20.00), signed and swore to an affidavit stating that she was over the age of 21 years and unmarried, and it is shown by the testimony, which is uncontradicted, that both he and his vendee, the defendant, relied upon the facts constituting the estoppel as true and that they were induced thereby to make their respective purchases.  So that the only question for determination is whether, under the circumstances, plaintiff is or not barred from a recovery, although when she made the deed she was only 20 years of age and was married to and living with Alex. Mullins in Dickenson county, Virginia, and he, of course, never joined in the deed.

In endeavoring to solve the question, we encounter at the outset two well established legal principles, one of which is that a married woman can be divested of title to her real estate only by a conveyance executed according to the prescribed forms of law and that an attempted con-

veyance contrary thereto is void. This principle, as appears from the authorities cited below, is quite universal and it has been applied and followed by this court in an unbroken line of cases. 13 R. C. L. 1307-8; 21 Cyc. 1203; Brady v. Gray, 17 Ky. L. R. 512; Bell v. Bair, 28 Ky. L. R. 614; Price v. Big Sandy Co., 32 Ky. L. R. 969; Syck v. Hellier, 140 Ky. 388; Mays v. Pelly, 125 S. W. R. (Ky.) 713; Buchannan v. Henry, 143 Ky. 628; Mounts v. Mounts, 155 Ky, 363; Mueller v. Ragsdale, 158 Ky. 412; Farmers Bank of Hardinsburg v. Richardson, 171 Ky. 340; Webber v. Tanner, 23 Ky. L. R. 1107; Ky. Stave Co. v. Page, 125 S. W, R. (Ky.) 172; Venters v. Potter, 184 Ky. 447, and many others referred to in the opinions, and also in the notes to section 506 of the statutes, which requires that a conveyance by the wife of real estate must be made in conjunction with her husband or he must have theretofore conveyed it by separate deed. The cases referred to hold that when that section has not been complied with the attempted conveyance by the wife is void. But what the equities of the parties might be upon a disaffirmance in such cases is a question with which we are not now concerned.

The other principle with which we are confronted is that no one, whether *sui juris* or not, may be estopped to dispute the invalidity of a void contract. In other words, if a contract is void because against public policy, or for any other reason, it can not be given vitality through the operation of an estoppel, which would be but a recognition and enforcement of the void contract through the indirect means of an estoppel when it would not be recognized or enforced without the estoppel. Many of the cases, *supra,* substantiate this principle and other authoritits and cases are: 10 R. C. L. 801; 16 Cyc. 720; 21 C. J. 1111; Am. & Eng. Encyc. of Law, second edition, vol. 11, page 32; Bohon's Assignee v. Brown, 101 Ky. 354; Millikin v. Haner, 184 Ky. 694; Reed v. Johnson, 57 L. R. A. 404; Minnesota D. & P. R. Co., v. Way, L. R. A. 1915B 925; Brick v. Campbell, 10 L. R. A. 259; Franklin National Bank v. Whitehead, 39 L. R. A. 725; First National Bank v. Monroe, 32 L. R. A. (N. S.) 550; Tate v. Commercial Building Association, 45 L. R. A. 243; Lukens v. Nye, 36 L. R. A. (N. S.) 244, and Central Land Company v. Leidley, 2 L. R. A. 826. And so, some courts hold, as would seem to be the logical conclusion from the above two principles, that *no* collateral representations or conduct on the part of a married woman can add to her void

deed any element which would strengthen the estoppel so as to allow its enforcement against her. Thus, in 13 R. C. L. 1312-13, it is said: "So it has been said that if in a conveyance by a married woman she were to covenant that she was sole, was seized in her own right and had full power to convey, such covenant would avail the grantee nothing." If a false covenant in the deed of the wife would not create such fraud on her part as to cause the estoppel to arise neither could her verbal representations, as to her capacity to convey, made contemporaneously with the execution of the deed, so operate; and each case would be determined upon the single fact, whether the husband joined in the deed; all other collateral conduct and representations would be entirely eliminated. And this, as we have intimated, is the logical conclusion from the two principles above stated, if they are to be administered without exception.

Applying, however, the superior equitable doctrine that fraud vitiates all transactions and that no principle of law, howsoever well settled, can be invoked to allow one to take advantage or profit by his positive or active fraud, many courts, including this one, have created an exception to the rule that a void contract can not be the foundation of an estoppel and have, in doing so, followed the maxim that "He who comes into equity must do so with clean hands." Under this exception (though not denominated as such in the opinions), it is held that where the person sought to be estopped, even though a married woman attempting to convey real estate, will not be allowed to repudiate the transaction which the other party was induced to enter into, through his or her positive and active fraud, nor if by such representations and conduct subsequent thereto the one contracted with was misled to his detriment. Thus, in 21 Cyc. 1399, the text says: "However, she may be estopped by her fraud separable from contract, even though she has no power to bind herself by contract." And in 10 R. C. L. 745, it is said: "But the trend of modern authority seems to be in favor of denying the right, even with respect to land, to invoke and use the disabilities of coverture as a cloak for fraud, though to raise the estoppel there must have been some positive act of fraud, or something done or omitted, on which one dealing with her, or dealing in a matter affecting her rights, might reasonably rely, and on which he actually did rely to his injury."

Among the numerous cases cited in the note to the text are, Rusk v. Fenton, 14 Bush 490, 29 Am. Rep. 413; Mc-Dannell v. Landrum, 87 Ky. 404, 12 A. S. R. 500, and Newman v. Moore, 94 Ky. 147, 42 A. S. R. 343. The same exception, though not denominated as such, is recognized and applied in the cases of Dulaney v. Figg, 123 Ky. 291; Ayer and Lord Tie Co. v. Baker, 138 Ky. 494, and the cases cited, *supra.* Thus in the Baker case, *supra,* the opinion says; "While as a general thing the courts are loathe to hold that a married woman may divest herself of her property in any other way than that prescribed by statute, yet we have repeatedly held that a married woman may by her acts and declarations estop herself from asserting dower or other claims when to permit her to do so would operate as a fraud. (Citing cases.) The estoppel in such cases is rested altogether upon the doctrine that a married woman will not be allowed to use her coverture to perpetrate a fraud. If the element of fraud is wanting, the doctrine of estoppel will not be applied."

And in the Syck case, *supra,* the principle applied by this court is thus stated:

"But a married woman cannot estop herself by her acts and declarations from asserting dower and other claims to land, except in those cases where to permit her to do so would operate as a fraud"—citing the case of Mays v. Pelly, *supra.*

So that this court has consistently held that, where the element of fraud entered into the transaction the wife would be estopped to renounce the deed and recover the land, although the conveyance was void. But it will be seen from a reading of the cases that to constitute fraud sufficient to close the mouth of the wife there must be something more than the mere execution of the deed for a valuable consideration, and more than mere silence on her part, or the representation of a future fact. There must exist representations or conduct relating to present or past facts somewhat analogous to those necessary to constitute the crime of obtaining property under false pretenses. Hence, in the Mays case, where the vendee knew that his two grantors were married women and that their husbands had not joined in the deeds, an assurance by them "that their husbands would never interfere with the title or his possession, and that they would not attempt to disturb him in his title or possession," was held to be insufficient to create fraud on the

part of the vendors so as to estop them from thereafter repudiating their deeds.

In this case plaintiff, as we have seen, made an affidavit at the time she executed the deed to Baker, and before she was paid the consideration, that she was both an adult and a single woman upon which he relied and had the right to rely. This, to say nothing of the covenant in the deed to the same effect, would most certainly bring the case within the exception, *supra,* and would prevent her from repudiating the conveyance even in the hands of Baker and *a fortiori* would it be sufficient to prevent her from doing so as against the defendant who is an innocent purchaser of the land from Baker when her deed was on record containing her fraudulent covenant.

While, therefore, it is a general principle of the law that a void contract will not work an estoppel, yet the function of equity is to administer justice between litigants and it will tolerate no rule as being so ironclad or undeviating in its enforcement that an exception can not be made thereto in furtherance of the ends of justice, and when not to do so would deliver to one the fruits of his own positive and active fraud; hence the above exception to the general rule. Under the facts disclosed, plaintiff was estopped to rely on her infancy as was held in the cases of Ingram v. Ison, 26 Ky. L. R. 48; County Board of Education v. Hensley, 147 Ky. 441; Smith v. Cole, 148 Ky. 138; Turner v. Stewart, 149 Ky. 15; Adkins v. Adkins, 183 Ky. 662, and New Domain Oil & Gas Co. v. McKinney, 188 Ky. 183.

We, therefore, conclude that, under the proven facts, the judgment of the court dismissing the petition was proper and it is accordingly affirmed.