## Jesse et al. v. Kinser et al.

(Decided Oct. 11, 1938.)

W. W. JESSE for appellants.

TODD & BEARD for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE STITES— Affirming.

On October 26, 1937, appellees, Prentice Kinser, Katie Kinser, his wife, and Julia Ella Kinser Walbeck, his daughter, entered into an alleged written contract with appellants, G. T. Jesse and his wife, Stella T. Jesse, to convey a tract of eighty-five acres in Shelby County. Julia Ella Kinser Walbeck is an adult, but her husband, Donald Walbeck, who did not join in the alleged contract, is an infant, nineteen years of age. However, no question is here raised as to the validity of the contract. (Compare Kentucky Statutes 1936, Ed. section 506). This suit was filed by Mr. Kinser and Julia Ella Kinser Walbeck against Donald Walbeck and his guardian asking that the chancellor determine the validity and advisability of a sale of the curtesy interest of the infant, Donald Walbeck, and direct that he and his guardian unite in the conveyance. The guardian of Donald Walbeck filed an answer on behalf of herself and her ward, agreeing to sign a conveyance and asking for direction from the court.

Appellants, G. T. Jesse and Stella T. Jesse, were permitted to intervene by way of answer. They set out the facts of Donald Walbeck's infancy, and conclude that, under the circumstances, no valid conveyance could be made of the property. We are presented, therefore, with the question of whether or not the infant husband of an adult wife may, under the circumstances, join with her in a deed and thus effectually surrender his curtesy rights in the property. The chancellor determined that the conveyance could and should be made and that upon the execution and delivery of the deed by the husband and wife it would pass a good title.

It is not disputed that the infant husband may join in the deed but it is claimed that his act in so doing would be voidable at his election upon his majority. In Phillips v. Hoskins, 128 Ky. 371, 108 S. W. 283, 33 Ky. Law Rep. 378, an infant husband joined in a deed with his adult wife and after becoming of age disaffirmed it. It was held that his disaffirmance not only voided the contract as to himself but also as to the wife. In Lockhart v. Kentland Coal & Coke Company, 182 Ky. 673, 678, 207 S. W. 18, 20, in speaking of the opinion in Phillips v. Hoskins, it was said that "a careful reading of the opinion as a whole will demonstrate that, while it says the deed was only voidable as to the husband, it also seems to have declared it by reason of the husband's infancy alone void as to the wife."

Accepting these decisions as the law aside from statute, we are next faced with the question of whether or not statutory provisions authorize the procedure here adopted.

Section 2146 of the Kentucky Statutes, 1936 Ed. provides in part:

"The wife of an infant husband, or of a husband judicially declared an idiot or lunatic or imbecile, if she be of the age of twenty-one years, or if not, with the approval of the circuit court, on such terms as it may deem equitable, may unite with his guardian or committee, or with the commissioner of the court in the conveyance of his real estate, so as to release her prospective right of dower, when a sale and conveyance thereof are ordered to be made by the guardian or committee, or by the commissioner

or other officer of the court. A wife not of full age may also be permitted by the circuit court to unite with her adult husband in the conveyance of his real estate without terms, or on such as may be deemed equitable, so as to release her prospective right of dower."

Section 2148 provides:

"The provisions of this act relating to the wife's dower, or interest in the husband's real estate, shall apply in all cases, so far as may be, to the husband's interest in the wife's real estate."

These sections are respectively sections 51 and 53 of Chapter 76 of the Acts of 1894, relating to both dower and curtesy.

While there were numerous material differences between dower and curtesy at common law, under the present statutes there is no essential distinction between the two estates. Our attention is directed to no reason, and we conceive no serious reason why, under the provisions of Section 2148, the second sentence quoted above from Section 2146 should not have the masculine gender substituted for the feminine and vice versa so as to read:

"A husband not of full age may also be permitted by the circuit court to unite with his adult wife in the conveyance of her real estate without terms, or on such as may be deemed equitable, so as to release his prospective right of curtesy."

The fancy of the common law that a wife is dominated by her husband and is entitled to his counsel and advice in conveyances of her real estate was recognized in Phillips v. Hoskins, supra, and it was pointed out in that decision that this was the reason why a conveyance by a wife without joining her husband was void, while a similar conveyance by a husband served to pass whatever estate he had. The failure of the wife to join in his deed merely reserved to her her inchoate dower. Section 2146 requires an application to the circuit court and the exercise of that court's discretion in the matter. It does not seem improper to conclude that the legislature considered this procedure the equivalent to the advice and counsel of the husband held essential in Phillips v. Hoskins. There can be no

objection on principle, so far as we can see, to the application of the same rules to a husband as to a wife, under Section 2146. The husband here is before the court and the power to adjudicate his rights is unquestioned. In view of Section 2148, therefore, we are compelled to uphold the judgment.

Judgment affirmed.