## Ex parte Roush et al.

Feb. 13, 1940.

R. F. Matthews and William H. Hays for petitioners.

William C. Goodwyn, amicus curiæ.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

Ben B. Roush and Wanda Lee Duval Roush are husband and wife, the former having attained his majority but the latter being only a little past 18 years of age.

On October 20, 1938, Lulu W. Lyons executed and delivered to Ben B. Roush a deed conveying to him a tract of land in Shelby County containing a little over 132 acres. An unpaid balance of the purchase price of the land in the sum of $5,843.75 was evidenced by three

notes of even date with the deed, in the sum of $1,947.42 each, payable in one, two and three years after date and bearing interest at the rate of 5 per cent per annum, payable semi-annually with a lien retained to secure their payment and with a provision that if the principal of any note or any interest thereon should not be paid for more than 30 days after same became due, then at the option of the holder or holders of the notes the whole lien debt might be declared due and payable.

Ben B. Roush and his wife instituted this action by filing in the Shelby circuit court their ex parte petition setting up the foregoing facts and alleging that the first of these notes would become due on October 20, 1939, and that the holder thereof, Lulu W. Lyons, was demanding payment of the note and interest and insisting that the whole debt be declared due and payable if the first note was not paid according to the terms of the deed; that in order to pay the lien indebtedness and to improve their property and the buildings upon it a loan from the Federal Land Bank in Louisville in the sum of $5,000 and a loan of $2,000 from the Land Bank Commissioner had been negotiated; that the Land Bank and the commissioner had agreed to refinance the lien indebtedness now on the land and to advance to the petitioners the balance of the loan in the approximate amount of $900; that the petitioners proposed to use the money for the improvement of the property and to provide a home for themselves and a livelihood in the operation of the real estate; that in order to secure a loan from the Federal Land Bank and the Land Bank Commissioner it was necessary for them to execute and deliver to each a mortgage on the property described in the petition but that in order to do this and on account of Wanda Lee Roush being a minor it is necessary to have the approval of the chancellor. They filed with their petition a mortgage to the Louisville Federal Land Bank for $5,000 executed by Ben B. Roush and a mortgage to the Land Bank Commissioner for $2,000 executed by him. They prayed that the Chancellor examine the petitioner Wanda Lee Roush, and permit her to join in the mortgage with her husband, Ben B. Roush, conveying any interest in and to the property that she might have as her prospective and inchoate right of dower. The deed from Lulu W. Lyons to Ben B. Roush is filed with and made a part of the petition.

The cause being submitted on the pleading and exhibits, the chancellor denied the relief sought, however, he recited in his opinion and judgment that the relief had been asked pursuant to Section 2146, Kentucky Statutes; that he realized the necessity of granting the prayer of the petition but entertained doubt concerning the court's jurisdiction to grant such relief. And being informed that the mortgagees would refuse to finance the indebtedness by mortgages set out in the petition unless the Court of Appeals adjudged that the lower court had power to grant the relief prayed for, he would because of the doubt concerning jurisdiction in the matter and of the court's authority as set out in the statute sustain a demurrer to the petition. The petitioners declining to further plead the petition was dismissed and the authority of the infant petitioner to join in the mortgage being denied, the petitioners are appealing.

So much of Section 2146, Kentucky Statutes, as is pertinent reads:

"A wife not of full age may also be permitted by the circuit court to unite with her adult husband in the conveyance of his real estate without terms, or on such as may be deemed equitable, so as to release her prospective right of dower."

This section of the statute has not been construed as respects the authority of the court to permit an infant wife to join her husband in a deed conveying his real estate so as to release her inchoate or prospective right of dower, but, in Jesse v. Kinser, 274 Ky. 821, 120 S. W. (2d) 654, it was held that under Sections 2146, 2148, Kentucky Statutes, the circuit court might authorize an infant husband to join with his adult wife in the conveyance of her realty so as to surrender and release his right of curtesy in the property. That case is sufficient precedent and authority for likewise holding that an infant wife may be authorized by the court to join her husband in the conveyance of his property so as to release her prospective right of dower in the property conveyed.

The question as to whether this statute conferring authority upon the circuit court to permit the infant wife to join in a deed conveying his property may be construed as including authority to permit the infant

wife to join her husband in mortgaging the property when it is made to appear to the court that the best interest of herself and her husband will be served is one of first impression, however, there are cases which by strong analogy indicate that the statute does confer such authority. Kentucky Statutes, Section 2150a, provides in substance that a guardian of an infant or the committee of a person of unsound mind may sell and convey any interest in real estate of his ward provided such sale is approved by the judge of the circuit court of the county wherein the land is located. In B'Hymer's Guardian v. B'Hymer, 257 Ky. 10, 77 S. W. (2d) 411, it was held that the guardian of an infant who inherited land from an ancestor might mortgage same to pay the ancestor's debt for which the land was answerable, but that the mortgage must be approved by the chancellor according to the provisions of Section 2150a, supra. However, it was further held that the proof of the advantage to the infant's estate to be accomplished thereby must be clear and convincing. To the same effect see Wadlington's Guardian v. Wadlington's Guardian, 257 Ky. 15, 77 S. W. (2d) 357, 359. In Hay's Committee v. Hay's Guardian, 260 Ky. 586, 86 S. W. (2d) 313, it was held that under Section 2150a, supra, the committee of an incompetent who borrowed money and executed a mortgage on his real estate to secure the loan while sane, could mortgage the real estate to the Federal Land Bank to secure funds to retire the mortgage and thus prevent a foreclosure of the mortgage and a sacrifice of the land. Unquestionably the rights of the infant wife would not be prejudiced by the refinancing of the existing lien indebtedness against the property since it would merely be the substitution of one lien indebtedness for another and would in no way affect her right of dower in the property to that extent. Apparently this refinancing of the existing lien indebtedness would be to the advantage of this young couple because it would stay threatened foreclosure and afford more favorable terms, permitting payment in smaller installments over a period of years.

In principle and reason this court's holding in the B'Hymer and Wadlington cases, supra, that under Section 2150a and in the circumstances shown, the circuit court might permit the land of an infant to be mortgaged to pay indebtedness of the ward's ancestor for

which the land is answerable, would have equal application in similar circumstances under Section 2146. If refinancing the lien indebtedness will enable the husband to preserve his land and afford him better opportunity to pay the balance he owes on it, then it is axiomatic that his interest as well as that of his infant wife would be best subserved by permitting that to be done instead of selling the land at a possible sacrifice to satisfy the lien indebtedness. We think the holding in the B'Hymer and other cases cited under Section 2150a to be sound and in full harmony with the spirit and purpose of the statute and that they are ample authority for holding that the chancellor may and should, when by clear and convincing proof such a course would be justified in the interests of the infant wife, permit her to join in a mortgage in cases of this character. We go even a step further than the B'Hymer case in concluding that such permission may be given not only to secure funds to retire lien indebtedness but also to make such improvements as may be necessary in order to occupy and cultivate the land to better advantage and profit. Such improvements may be as necessary for the preservation of the land and to enable the owner to pay for it as the refinancing of lien indebtedness to prevent foreclosure. The statute throws every safeguard around an infant husband or wife or an incompetent by requiring that any alienation of their estate must be with the approval of the circuit court.

It is our conclusion that the petition states a cause of action and that if it be shown by clear and convincing proof that it is to the best interest of the wife that the relief sought be granted she should be permitted to join her husband in mortgaging his land so as to release her inchoate or prospective right of dower therein.

Wherefore the judgment is reversed for proceedings and judgment in conformity with this opinion.