*P. W. Hardin, for appellant.*

---

### J. W. HUNTER v. WILLIAM BEARN ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—327.]

**Ratification of Contract by Infant.**

Where an infant gave a note and executed a mortgage on her real estate during her minority, and after she became twenty-one years of age the mortgage was foreclosed against her and she made no defense, her conduct amounts to a ratification of her contract, and she can not thereafter question the validity of her contract on the ground of her infancy at the time of its execution.

### APPEAL FROM NELSON CIRCUIT COURT.

October 11, 1881.

OPINION BY JUDGE PRYOR:

The demurrer to the petition was properly sustained. The principal question presented below was, Is the contract of an infant void or voidable? Whether void or voidable we think is immaterial here. After the feme had signed the mortgage, and after her arrival at age, she and her husband were sued to foreclose it: The mortgage was foreclosed and the land sold, and no reason is shown why she did not make defense to the action of foreclosure. Her infancy when she signed it was a complete defense, and should have been made in that action. There is no relief now for her in an independent action, for no other reason than her infancy when she executed the mortgage. The cases referred to by appellant have no analogy to this. In the one case the infant, when sued, pleaded her infancy. In the other, as soon as she arrived at age she elected by action not to abide the contract. In this case she made no defense, but when sued, being

an adult, permitted judgment to go, and now offers to plead. It is too late.

As to the mere question whether the acts of an infant are void or voidable, the elementary books and all the decisions we know of adjudge their contracts voidable only. What effect her being a feme covert at the time has on the question is not necessary to be determined.

Judgment *affirmed*.

*Thomas & Wathen*, for appellant.

*Muir & Wickliffe*, for appellees.