CASE 10—ACTION FOR A MANDAMUS.—MARCH 18.

# Smith v. Coulter, Auditor.

### APPEAL FROM FRANKLIN CIRCUIT COURT

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. REVERSED.

OFFICERS—POWERS PENDING CONTEST—AUDITOR—DEPUTY—SUCCESSFUL CONTEST—EFFECT—COMPENSATION OF DEPUTY.

Held: Under Kentucky Statutes, section 140, providing that the term of office of the auditor's clerks shall be the same as that of the auditor, and expire at the same time, unless they be removed by him, the fact that one who held the office of auditor under a certificate of election was adjudged in a contest not to be entitled to the office did not operate to remove one whom he had, while he was the legal auditor, appointed as clerk, and therefore such appointee, never being removed by the successful contestant, is entitled to compensation for the time he continued, within his term, to discharge the duties of clerk, as he was during that time officer *de jure*, and not merely *de facto*.

E. D. & B. L. D. GUFFY, ATTORNEYS FOR APPELLANT.

This is one of a series of actions instituted by clerks of the State auditor's office in the Franklin circuit court to recover salary for services rendered by virtue of appointment by J. S. Sweeney, auditor of public accounts for Kentucky.

It is alleged, not denied, and conceded that J. S. Sweeney was auditor for Kentucky during the month of January, 1900. That during that month he appointed and employed appellant as clerk in the auditor's office at the fixed salary of $125 per month, that appellant performed clerical services in said office from his appointment continuously until the 13th day of June, 1900 and recovered no compensation after February 28, 1900. The contention of appellee is that he having become auditor, and not having employed appellant, no compensation is due him.

While appellee was declared by the board of contest to be entitled to the office of auditor in February, 1900, that action of the board was questioned by an action instituted in the Franklin circuit court, and continued in this court, and not determined by it until after June 13, 1900. During the interim, between February 28, 1900 and June 13, 1900, J. S. Sweeney held posses-

sion of the office, and records of the auditor's office and appellant rendered the services charged for in said office.

The service was rendered for the Commonwealth and not for the auditor, and was to be paid for by the Commonwealth and not the auditor. The compensation of auditor's clerks is not an emolument of the office, is not a perquisite of the auditor, it in no way affects his salary and he is in no way bound for its payment, and having performed service for the State, the clerk should be paid for such service whether performed under the supervision of the auditor *de facto* or *de jure*.

## AUTHORITIES CITED.

Kentucky Constitution, secs. 91 and 95; Kentucky Statutes, secs. 138-140 (ed. 1894.)

CLEM J. WHITTEMORE AND ROBT. J. BRECKINRIDGE, FOR COMMONWEALTH.

It is contended by appellant that having been legally appointed clerk and having never received a notice of dismissal. he is entitled to draw pay for the months of March, April, May, and thirteen days of June.

Our contention is:

1. Section 140, Kentucky Statutes, clearly terminates the employment of clerks at the time the officer appointing them ceases to be auditor.

2. There being numerous clerks in the various departments of the auditor's office, the auditor could not know who had been appointed by Sweeney as the books and papers had been wrongfully withheld from his possession, hence notice of dismissal was impossible.

3. The amount of money appropriated by section 138, Kentucky Statutes, to pay necessary clerk hire in the auditor's office is appropriated to the auditor, not to the clerks, its expenditure is within the discretion of the auditor who may employ many or few clerks as the necessity arises.

4. A writ of mandamus compelling appellee to pay appellant a sum certain could not be granted for the reason that "It must appear that the writ, if granted, will be effectual as a remedy, and that it is within the power of the defendant as well as his duty to do the act in question. And when the duty of an officer or body is mandatory, and not discretionary its performance and manner of performance may be compelled by mandamus. Spelling on Injunctions and other Extraordinary Remedies, 2d ed., vol. 2, p. 1174.

Smith v. Coulter, Auditor.

OPINION OF THE COURT BY CHIEF JUSTICE GUFFY—REVERSING.

It is substantially alleged in the petition that on or before the first Monday in January, 1900, John S. Sweeney, received the certificate of his election to the office of auditor of public accounts, showing that he was at the election of November, 1899, duly elected to said office, and that he entered upon the discharge of the duties thereof, having first executed bond and taken the oath as required by law, and while in discharge of the duties of said office he employed and appointed said plaintiff a clerk and member of the clerical force of said office, in and for said office, to perform clerical duties therein pertaining to the discharge of the duties of said office, at an agreed and fixed salary of $125 per month; that, pursuant to said employment and appointment, this plaintiff entered upon the discharge of the business of said office, and did perform same continuously from the —— day of January, 1900, until and including the 13th day of June, 1900; that he received pay at $125 per month for his said services for the months of January and February, 1900, and for no other time or services, and that there is now due him compensation for said services at the rate of $125 per month for the months of March, April, May, and 13 days of June, 1900, amounting to $429 1-6, no part of which has been paid; that it is the duty of the defendant, Coulter, as auditor of public accounts of Kentucky, to draw a warrant in plaintiff's favor upon the treasurer of Kentucky for $429 1-6 in payment for said services; that plaintiff has made demand on defendant that he (defendant) draw a warrant on the treasurer of Kentucky for said sum in payment for the services aforementioned, but defendant has failed and refused, and still refuses, to draw a warrant for said sum, or any sum, on account of said services; wherefore plaintiff prayed and moved that a writ of manda-

Smith v. Coulter, Auditor.

mus issue, against the defendant, compelling him, and that he be ordered and compelled, to draw a warrant upon the treasurer of Kentucky in plaintiff's favor for said sum, and for proper relief. Plaintiff served notice upon defendant, and moved the court to award a writ of mandamus compelling defendant, as auditor of public accounts of Kentucky, to draw a warrant upon the treasurer of Kentucky in favor of the plaintiff, as prayed for in the petition. After some motions were disposed of not necessary to mention, the defendant filed his answer, which, in substance, admits that he is auditor, and that he qualified as such February 26, 1900, by executing bond and taking the oath required of such officer, and that he immediately began the transaction of the business of said office, and has so continued until the present time; that he did not take possession of the office building provided by law for the use of said officer, for the reason that it was wrongfully withheld from his possession by J. S. Sweeney without authority or legal right; that on the 26th day of February, 1900, he demanded of said Sweeney the possession of said office building and the records thereof, but that Sweeney refused until on the —— day of June, 1900, when said office building and records were placed in his possession; that under the law the term of office of said J. S. Sweeney and all of his appointees expired when he (Coulter) qualified as required by law, to wit, on the —— day of February, 1900, after having been legally adjudged by the election contest board the rightful auditor of the Commonwealth of Kentucky; that as auditor he did not employ, as clerk or otherwise, the plaintiff to perform any services for the Commonwealth of Kentucky; that by law the term of office as auditor of said Sweeney expired the 26th day of February, 1900, and by law the term or rights of plaintiff under any appointment by said Sweeney,

auditor, terminated and expired on said 26th day of February, 1900. He denied that plaintiff performed clerical labor and duties in the discharge of the business of said office continuously from the —— day of January, 1900, until and including the 13th day of June, 1900, during the months of March, April, May, and 13 days, of June, 1900. It is further denied that there is now due plaintiff compensation for services at the rate of $125 per month for the months of March, April, May, and 13 days of June, 1900, $429 1-6, or any other sum; that it is not his duty, as auditor of public accounts, to draw his warrant for $429 1-6, or any other sum; wherefore he prayed to be dismissed, with his costs and proper relief. The plaintiff filed a demurrer to the answer of defendant. It was further agreed by plaintiff and defendant that the denial of services in the answer is only a denial of rendition of such services as entitled plaintiff to compensation, and not a denial that he performed the services mentioned. The cause being submitted on the pleadings and exhibits, the court adjudged that plaintiff at the time of rendition of services was a de facto officer merely, and not entitled to compensation for services, and adjudged that plaintiff's petition be and is dismissed, and that defendant recover his costs; to all of which plaintiff objected and excepted, and prayed an appeal to the court of appeals, which was granted.

The substance of the contention of appellee is that the judgment of the election commissioners adjudging the office to Coulter in law terminated the employment of the plaintiff, and that he was not entitled to any compensation for services rendered thereafter, and that the injunction or mandamus in this case could not be legally awarded. It is the contention of appellant that Sweeney was the legal auditor at the time of the appointment of plaintiff to the

clerkship aforesaid, and that under the law he continued to hold his office until he was discharged or dismissed by the legal auditor; that the term of office of the auditor is four years; and that Sweeney had a legal right to appoint the plaintiff, and that he had a legal right to continue to discharge the duties of said office, and to receive the pay therefor, during the term of the office of the auditor, unless dismissed or removed by the legal auditor of the State. It will be seen that it is not denied that plaintiff was appointed to the office claimed by him by Sweeney while Sweeney was the auditor of public accounts. Nor is it denied that plaintiff continued to discharge the duties of his office up to the 13th of June, 1900. Nor is it claimed that the defendant (Coulter) ever removed him or appointed any other person to discharge the duties assigned to the plaintiff. Section 91 of the Constitution provides for the election of an auditor of public accounts, and fixes the term at four years. Section 95 fixes the time of the election, which, in this case, was at the November election, 1899. Section 138, Kentucky Statutes, appropriates $13,700 to the auditor annually to enable him to employ and pay as many clerks as are necessary to discharge the business of the office, and section 139 increases the appropriation by the sum of $2,500 for the purposes aforesaid. Section 140, Kentucky Statutes, provides that the term of office of the assistant auditor and clerks shall be the same as that of the auditor, and expire at the same time, unless they, or either of them, be removed by him.

It seems clear to us that the plaintiff having been appointed by Sweeney, who was then unquestionably the auditor and invested with the authority to appoint clerks, and having appointed the plaintiff, he (plaintiff) was a legal officer from the time of his appointment until he was re-

moved by the auditor or resigned or declined to perform the duties required by law. The term of office of auditor is fixed by the Constitution at four years, and although in this case it was finally decided that appellee, Coulter, was the legal auditor, nevertheless the term of office of the auditor remained for only four years. Whoever was the legal auditor at any time during the four years fixed by the Constitution was entitled to perform and discharge the duties of the office. The appointment or term of clerks appointed by the auditor, under the provision of the statute, supra, continued during the four years, and so much thereof as remained unexpired after his appointment, unless he was removed by the legal auditor or person having the right to remove him, or abandoned his position. It therefore follows that the plaintiff was an officer de jure from the time of his appointment by Sweeney until he abandoned or declined to perform further service, to wit, June 13, 1900. He never having been removed or discharged by the auditor of public accounts, it results from the foregoing that the circuit court erred in dismissing appellant's petition.

The judgment is therefore reversed, and cause remanded, with direction to the court below to award the mandamus against the appellee requiring him to issue his warrant to the treasurer of Kentucky in favor of appellant for the amount claimed, to wit, at the rate of $125 per month for the months of March, April, May, and to the 13th day of June, 1900, and for proceedings consistent herewith.