CASE 88—ACTION BY COMMONWEALTH, BY AUDITOR'S AGENT, AGAINST
J. C. B. SEBREE TO LIST OMITTED PROPERTY FOR TAXATION.—JUNE 2.

# Sebree v. Commonwealth.

APPEAL FROM SCOTT CIRCUIT COURT.

FROM A JUDGMENT DISMISSING APPELLANT'S APPEAL FROM A JUDGMENT
BY DEFAULT IN THE COUNTY COURT HE APPEALS. AFFIRMED.

TAXATION—OMITTED PROPERTY—PROCEEDINGS TO REQUIRE LISTING—
SUMMONS—AUDITOR'S AGENT—APPEAL TO INTERMEDIATE COURT.

Held: 1. Kentucky Statutes, 1899, section 4241, providing that
within five days after the filing of a statement of property
omitted to be assessed, the clerk of the court shall issue a summons
against the owner to show cause before next term of court, which
does not commence within five days after service of such sum-
mons, why the property shall not be assessed, is merely direc-
tory as to the issuance of the summons within such five days.

2. An auditor's agent, appointed under Kentucky Statutes, 1899,
section 4258, allowing the Auditor of Public Accounts to appoint
an agent in each county, who shall hold his office and be re-
moved at the pleasure of the Auditor, holds after expiration of
the Auditor's term, till removed.

3. A proceeding in the name of the Commonwealth, under Kentucky
Statutes, 1899, section 4241, to have omitted property assessed,
instituted on information furnished by an auditor's agent, is not
affected by such agent ceasing to hold office before trial.

4. Where defendant suffers judgment by default in the county court,
and on appeal to the circuit court files no answer and makes
no defense on the merits, a dismissal of the appeal has the same
result as an affirmance, though the latter is more regular.

J. C. B. SEBREE, FOR APPELLANT.

As appellant and his attorney are one and the same person,
he may have a fool for a client, but whatever may be the dis-
advantages attending the presentation of his case he is assured
that the court will have little or no difficulty in discovering at
least two plump reversible errors in the record.

The first error complained of is that the Auditor's agent filed
his statement in the clerk's office September 15, 1898, and no
summons was issued thereon until January 26, 1891, and as

the statute requires the summons to be issued in five days after the filing of the statement there is no authority for the proceeding had in the county court.

Appellant appealed from the judgment by default in the county court, to the circuit court, and when the case was called in the circuit court appeared and moved the court to dismiss the action which it refused to do, and dismissed the appeal.

The court should have dismissed the action for the reason above stated, and also for the reason as appears from the affidavit filed that at the time the summons was issued the term of Auditor Stone had expired and the authority of the agent acting under his appointment had ceased.

2. The circuit court erred in dismissing the appeal because in so doing appellant was deprived of the rights to file an answer and contest the truth of the written statement filed, and thereby try the case on its merits. I submit that the judgment rendered in the lower court is a personal judgment against the appellant, a thing unheard of in such a proceeding, and the only way to get rid of it is a reversal of the judgment of the circuit court dismissing the appeal. The circuit court did not dismiss the appeal for want of jurisdiction, but because in the court's opinion it was void and not enforcible, and therefore the appellant is placed in this awkward situation.

## AUTHORITIES CITED.

Ky. Stats., secs. 4241, 978; Hok v. Com., 79 Ky., 567; 92 Ky., 227.

J. B. FINNELL, for Auditor's Agent.

A statement was filed by the auditor's agent in Scott county in September, 1898, against appellant under section 4241, Kentucky Statutes, giving information that appellant had not listed his personal property for taxation to the amount of $7,000, yearly during the years 1889 to 1898, inclusive. No summons was issued thereon until January 26, 1901. After service of summons no attention was paid to it by appellant or to any proceedings in the county court, and an order was made in the county court assessing the property ' for the years indicated. From this order an appeal was taken to the circuit court.

It is contended that as summons did not issue in five days after filing the statement that the proceedings thereafter are void. This contention should not be applicable even if the facts did not exist to which we now call attention, namely: By some collusion or understanding between the county court

clerk and appellant, the latter being then county attorney for Scott county, the clerk refused to issue summons on the statement. Mandamus proceedings were instituted by the auditor's agent in the Scott circuit court to compel the clerk to issue the summons. To this proceeding defense was made, the appellant in this case appearing as attorney for the clerk. The clerk was ordered by the circuit court to issue the summons and from this order an appeal was prosecuted to the court of appeals.

Appellant appeared in this court as counsel for the clerk on this former appeal by brief; in fact, the clerk was a mere figurehead, the appellant being the manipulator and regulator of the course taken by the clerk, and the judgment of the lower court was affirmed.

Now this same county attorney, by advice to the clerk; by serving as counsel to the clerk without pay; by assuming liability for costs in the mandamus proceeding; by every subterfuge he could invent in seeking to obstruct the collection of taxes owing by him on notes, mortgages and money of his own, comes and asks this court to reverse this case because of the nonissuance of a summons and nonaction of the clerk, which nonaction he induced, and which he, as counsel, defended and excused.

We claim, however, that the failure to issue the summons in five days, even if it had not been brought about in this way, would be of no avail to appellant. When it did issue and was served it brought appellant before the court, and by his failure to appear and answer judgment was properly rendered by default.

The circuit court did right in dismissing the appeal. There was nothing before the court to pass on; no issue made in the county court, and therefore nothing to try.

So much of the county court judgment as can be construed as a personal judgment against appellant may be void, but as to that part assessing the property for taxation it is valid.

### AUTHORITIES CITED.

Cassidy v. Young, County Judge, 92 Ky., 233; Baldwin v. Shine, Judge, 84 Ky., 513.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

L. F. Sinclair, auditor's agent under Auditor Stone, began proceedings against appellant to require him to list for taxation certain omitted properties for certain designated years. The statement was filed in the county court as required by statute. For some reason not explained in

the record, the summons was not issued upon this state-
ment within the five days directed by the statute.  It is
now contended for appellant that, as this was not done,
although summons was in fact issued upon the statement,
and executed upon the recusant taxpayer, the action of the
county court in listing the omitted property for taxation
was void.  We are of the opinion that the provision of the
statute requiring the clerk of the county court to issue a
summons against the taxpayer within five days after the
filing of the statement is directory only to the clerk.  It
can not, and ought not to, affect the right of the Common-
wealth to proceed against the omitted property because
some subordinate officer has failed to promptly discharge
his duty.  The right of the taxpayer is merely to have a
summons, issued upon the statement, served upon him more
than five days before the term at which the court may pro-
ceed to try and determine the case.  Section 4241, Ken-
tucky Statutes, 1899.

It is also contended for appellant that when Auditor
Stone's term of office expired the terms of all the auditor's
agents of the State terminated with it; that therefore Sin-
clair had no right to prosecute the claim.  For aught this
record shows, Sinclair had not been removed as auditor's
agent at the time of the proceedings in this case.  Section
4258, Kentucky Statutes, 1899, allows the Auditor of Pub-
lic Accounts to appoint an agent in each county of the Com-
monwealth, who shall hold his office and be removed at the
pleasure of the auditor.  It is made his duty, by section
4260 of the statutes, to cause to be listed for taxation, in
the manner required by law, all property in the county for
which he may be appointed, and which may have been omit-
ted to be assessed by the assessor or other tax officials.  This
court held in the case of Smith v. Coulter, Auditor, 113 Ky., 74,

23 R., 2381, 67 S. W., 1, that a clerk appointed by the auditor, and whose term of office was the same as that of the auditor, and who by statute continued to hold his office until removed by the auditor, continued to hold after the expiration of the term of the auditor who appointed him, and held until removed by an order or action to that effect. The same principle applies to the question in hand.

But we do not deem it material to the rights of the parties to this litigation whether Sinclair continued to hold office as auditor's agent till the final trial of this case. The auditor's agent is not a party to this proceeding, nor is his presence essential. The action is one in the name of the Commonwealth, instituted by, or upon information furnished by or upon motion of, the auditor's agent or the sheriff of the county. If he had died after the action had been begun, it would not have been necessary to have revived it. His successor in office, or the sheriff, would merely have been authorized to have controlled the proceedings so far as the statute permitted such control; nor could the resignation of the auditor's agent have terminated the action. The proceeding is for the State, and on its behalf, and on behalf of the county, to require the listing of property which the taxpayer and taxing officers have omitted.

Appellant suffered judgment by default in the county court. Upon appeal to the circuit court, he did not file an answer controverting the allegations of the statement filed by the auditor's agent, nor did he make or offer any defense to the merits of the case. Up to this time the allegation that he had omitted to list his property for taxation for the years mentioned stands confessed. The circuit court dismissed the appeal, which left the judgment of the county court taxing the property in effect. We think it would have been more regular, upon the state of the rec-

·ord, for the circuit court to have affirmed the county court's judgment; but the form of the order is not material, as the result is the same in either case.

No showing having been made against the right of the State to have the omitted property assessed, the judgment is affirmed.

Petition for rehearing by appellant overruled.