## Buchanan, et al. v. Henry, et al.

(Decided May 12, 1911.)

### Appeal from Lincoln Circuit Court.

1. Judgment—Not Void—Collateral Attack—Conclusiveness—A judgment of a court having jurisdiction of the subject matter of the action and of the parties, is not void, and cannot be collaterally attacked; and until vacated or reversed, is binding upon all parties and their privies.

2. Married Women—Conveyance—Under the law in force in 1883, a married woman could not convey her real estate by simply uniting in a writing with her husband. It was necessary that her husband should have theretofore conveyed, or that he should

unite with her in a deed, and that she acknowledge it before a proper officer upon privy examination.

R. H. TOMLINSON and WM. HERNDON for appellants.

P. M. McROBERTS and W. S. BURCH, for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Appellants, W. K. Buchanan, Bettie A. Buchanan, William Walter Buchanan and others, brought this action against appellees, John S. Henry, Elizabeth Henry and others, to recover a certain tract of land, consisting of about 200 acres, situated in Lincoln county, Kentucky. Appellants' petition was dismissed; hence this appeal.

The pleadings are too voluminous to be set out in this opinion. The facts, in brief, are as follows: In the year 1869, John S. Owsley conveyed the land in controversy to W. R. Buchanan and Harriett Buchanan for the recited consideration of $8,000. By this deed each of the grantees acquired an undivided one-half interest in fee simple. Three or four years later W. R. Buchanan died. Upon application of his widow, the land was partitioned, the widow acquiring 110 acres, while the balance of the land was divided among her children and W. K. Buchanan, and Jas. A. Buchanan, two of deceased's children by a former marriage. James A. Buchanan died in the year 1878, and W. K. Buchanan was appointed his administrator. In the year 1881 W. K. Buchanan, in his own right and as such administrator, recovered of Steven Burch, administrator of the estate of Walter R. Buchanan, a judgment for the sum of $9,642.54, with interest from October 18, 1879, until paid. Upon this judgment an execution was issued and returned "no property found." Whereupon William K. Buchanan, suing in his own right and as administrator of James A. Buchanan, brought an action in the Lincoln Circuit Court for the purpose of subjecting the land conveyed by Owsley to W. R. and Harriett L. Buchanan to the payment of said judgment. To this action Harriett L. Buchanan, who had in the meantime intermarried with William F. Abrahams, and her children were made parties defendant. It was charged in the petition that the conveyance by Owsley to Harriett L.

Buchanan was either the result of mistake or fraud, and issue was joined as to the material facts involved. On April 11, 1882, the following judgment was entered of record:

"This day came the plaintiff, W. K. Buchanan in person and by attorney and the defendants, Harriett L. Abrahams and husband and the infants by said Harriett L. Abrahams, their guardian, and by consent of parties and the assent of the court, it is adjudged that plaintiff in his own right and as administrator of the estate of James A. Buchanan recover of defendant, Harrett L. Abrahams, the sum of four hundred dallars and one-half of costs herein expended, attorneys' fee not to be taxed, and that said Buchanan in his own right and as administrator aforesaid, recover of the defendants, William M. Buchanan, Susan L. Buchanan, Eugenia Buchanan, Lizzie B. Buchanan and Harriett Buchanan the sum of four hundred dollars, with interest thereon at the rate of six per cent. per annum from this date until paid, and one-half of costs herein expended, except attorneys' fee not to be taxed. By consent it is adjudged that said W. K. Buchanan is to retain in his own right the portion of said judgments recovered as administrator of said James A. Buchanan, deceased, and by like consent it is adjudged that the judgments above rendered are in full of all claims of said W. K. Buchanan in his own right, or of the estate of James A. Buchanan, deceased, against Walter A. Buchanan, deceased, his estate or his widow, heirs or distributees; the compromise and settlement of this litigation as above made on behalf of the infant defendants by their guardian is with the approval and consent of the court, and upon payments by the guardian of said judgment given against the infant defendants. She will be entitled to a credit therefor in any settlement of her accounts, by consent no execution is to issue on said judgment given against the infant defendants until the expiration of twelve months from this date, Welch and Saufley asserted, and by consent of plaintiff avers adjudged a lien on this judgment for a fee of one hundred dollars.

"All matters herein having been settled this action is now stricken from this docket."

On January 11, 1883, W. K. Buchanan and Harriett L. Abrahams (formerly Harriett L. Buchanan) and her

husband, W. F. Abrahams, executed the following writing:

"January 11, 1883, I, W. K. Buchanan, have this day sold Mrs. H. L. Abrahams a life interest in my farm as rendered through me on judgment through Welch & Saufley as being the farm bought by my father, W. R. Buchanan, of John B. Owsley and deeded to W. R. Buchanan, and H. L. Buchanan and said minor heir judgment set aside all future deeds and records in favor of W. K. Buchanan and James A. Buchanan as his minor heirs and against H. L. Abrahams and her heirs for which she is to pay me through my attorneys, Welch & Saufley, eight hundred dollars for her life interest in said farm as per agreement made this Jan. 11, 1883, by W. F. Abrahams and H. L. Abrahams and in the presence of O. J. Newland. Witness as per above.

"O. J. NEWLAND,
"W. F. ABRAHAMS,
"HARRIETT ABRAHAMS,
"W. K. BUCHANAN."

It is through this writing that appellants are asserting title to the land in controversy. They claim that, by this writing, a compromise was made, and that Harriett Abrahams agreed to pay the sum of $800 for a life interest therein, and that upon her death the title was to vest in W. K. Buchanan. Appellants, other than W. K. Buchanan, assert title by virtue of a deed made to them by W. K. Buchanan in the year 1904, by which he conveyed to them the land in controversy subject to a life interest which he reserved therein. Appellees plead the judgment above referred to in bar of appellants' recovery, and also insist that the writing did not have the effect of divesting Harriett Abrahams of her title. Appellants, by reply, charge that the alleged judgment was void; that it was not authorized by W. K. Buchanan; that he never consented to it, and, in fact, knew nothing of it until the death of Mrs. Harriett Abrahams, and also that the judgment was rendered by mistake.

No facts are stated in the reply which show that the judgment is void. As the court had jurisdiction of the parties and of the subject-matter, its judgment was not void. Not being void, it is not subject to collateral attack. Bustard v. Gates, 4 Dana, 429; Dennis, et al. v. Alves, 132 Ky., 346. As the judgment has never been vacated, it is, of course, binding upon W. K. Buchanan,

and appellants who claim through him. By that judgment W. K. Buchanan was granted a recovery of $400 and one-half of the costs against Harriett L. Abrahams and a recovery of $400 and one-half of the costs against her children. The judgment further recites that this recovery is in full of all of his claim, either individually or as administrator of his brother's estate. The case is then stricken from the docket. Therefore, W. K Buchanan never acquired any interest in the land by virtue of the judgment in question.

The question then is: Did he acquire any title to the land by virtue of the agreement of January 11, 1883? By that judgment he had been awarded a recovery of $400 against Mrs. Abrahams' children. This is evidently the "minor heir" judgment referred to in the agreement. By the agreement W. K. Buchanan undertook to convey a life interest in the property to Harriett Abrahams. At that time he had no interest that he could convey.

But, looking at the agreement in the most favorable light to appellants (that is, that its effect was to vest the fee simple title in W. K. Buchanan upon the expiration of Harriett Abrahams' life estate), the question still remains: Was the instrument sufficient for that purpose? The legal title to the property was in Mrs. Abrahams, a married woman. She could only convey the land in the manner provided by statute. In order to make her conveyance effectual at that time, it was necessary for her husband to join with her in a deed, or that he should have theretofore conveyed the land, and that she sign and acknowledge the deed upon privy examination. (Sections 506 and 507, Kentucky Statutes.)

Unless these requirements of the statute were complied with, any conveyance by her was void. We, therefore, conclude that, even if the writing is susceptible of the interpretation claimed for it by appellants. it did not have effect of divesting Mrs. Abrahams of her title to the property. That being true, it follows that neither W. K. Buchanan, nor the other appellants claiming through him, have any title to the property.

Judgment affirmed.