## Smith v. Cole, et al.

(Decided May 2, 1912.)

### Appeal from Knott Circuit Court.

Infancy—Lands—Estoppel.—When an infant by reason of his personal appearance, family surroundings, and business activities, coupled with a misrepresentation or fraudulent concealment, leads one who deals with him, in good faith, and not knowing that he is an infant, to believe that he is of age, he will be stopped from maintaining an action to avoid his executed contract.

H. T. BAILEY for appellant.

SMITH & COMBS for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant, Adam Smith, claiming to be the owner and in the possession of a described tract of land, brought this suit against the appellees, Cole and Crane, to recover damages for trespass committed by them upon his premises in branding and attempting to convert trees.

The appellees, after controverting in their answer the petition, set up that the appellant had sold and conveyed to them the trees that he alleged they were about to appropriate. For reply, the appellant averred that if he did sell the trees, he was an infant under twenty-one years of age at the time of the sale and not bound by his contract.

The only question in the case is whether or not the appellant, assuming that he was an infant, is estopped from relying upon this plea to recover damages from appellees for converting the trees.

It appears from the evidence that in May, 1906, Ben Smith, the father of appellant, agreed in writing to and did sell to appellees the trees in question. The contract provided that when the timber was counted, and a general warranty deed made by Smith, the purchase price of the trees should be paid. In September, 1906, the appellees, desiring to have the contract for the purchase of the trees fully executed, prepared a deed for Ben Smith and his children, including appellant, to sign. The reason assigned for inserting in the deed the names of the children was that the purchasers understood that Smith had made some contract with his children by

which they might have some interest in the timber. The deed so prepared was in September, 1906, signed by Ben Smith and all of his children, including appellant, but, for some reason not disclosed it was not acknowledged by appellant or his wife. Upon the execution of the deed, the appellees paid to Ben Smith the full purchase price of the trees. The appellant took quite an active part in negotiating the sale of the trees, and aided and assisted the appellees in counting and branding them, and also received a part of the purchase money paid for the trees. In short, the appellant by his action induced the appellees to believe that their title to the trees were good, although it appears that in April 1905, Ben Smith had conveyed by deed to him the land on which the trees now in controversy stood, and the same trees that he assisted in selling to appellees. This deed, however, was not recorded until May, 1906, after the executory contract to convey the trees to appellee was made by Ben Smith. The evidence further shows that in 1906, although appellant was not twenty-one years of age, he was a married man, with a beard on his face, engaged in business for himself, and had every appearance of being over twenty-one years of age. In view of these facts, we think the appellant by his conduct and actions in assisting in the sale of these trees to the appellees has estopped himself from relying upon his infancy—without returning the consideration paid for the trees, which was not done—to defeat the title of appellees.

This case is controlled by the ruling in the case of County Board of Education v. Hensley, 147 Ky., 441, in which we said:

"It is well settled in this State that where an infant has conveyed land for a reasonable price, representing at the time that he was of age, and has hereby induced the grantee to part with the consideration, the trade being fairly made, and the grantee having no notice that the grantor was under age, the infant will be bound by his deed. And the rule denying relief to the infant is not restricted in its operations to his misrepresentations; it applies equally to his fraudulent concealments. * * * * When one deals with an infant, knowing him to be an infant, the latter is not estopped from relying upon his infancy in avoidance of the contract; but when an infant by reason of his personal appearance, family surroundings, and business activities, coupled with a

misrepresentation or fraudulent concealment, leads one who deals with him, in good faith, and not knowing that he is an infant, to believe that he is of age, he will be estopped from maintaining an action to avoid his executed contract. When he comes into equity seeking relief, he must come with clean hands. The privilege of infancy is a shield for the protection of the infant, and not a weapon of attack; nor is it to be used as a means of defrauding others.

Wherefore the judgment of the lower court dismissing the petition of appellant is affirmed.