## Commonwealth, By &c. v. Harkness' Administrator, et al.

(Decided October 22, 1918.)

### Appeal from Fayette Circuit Court.

1. Judgment—Collateral Attack—Vacating Judgment.—An action seeking to overthrow a judgment previously rendered, and which is not an appeal from that judgment nor a proceeding under the code in the manner pointed out for a modification or vacation of the judgment, is a collateral attack upon that judgment, and not the proper proceeding by which it may be vacated or modified.

2. Judgment—Collateral Attack.—A collateral attack cannot be made upon a judgment on the ground that it was obtained by fraud or collusion.

3. Taxation—Assessment of Omitted Property.—Under sections 4258-4260, Kentucky Statutes, both sheriffs and revenue agents are to list omitted property for taxation, but only the suits brought by the revenue agents are to be approved by the supervisor of revenue agents before they are filed.

4. Taxation—Revenue Agent.—The term, revenue agent, as used in these sections of the statutes, includes revenue agents of both county and state at large, and does not include sheriffs.

5. Judgment—Bar.—When more than one suit is pending between the same parties, having the same object and covering the same items, a judgment in one suit, no matter which was filed first, is a bar to the further prosecution of the other.

6. Taxation—Parties.—When suits are brought by different relators in behalf of the Commonwealth, the Commonwealth is the real party and is not affected by the question of priority, which only affects a controversy between the revenue agents and sheriffs who bring the suits.

CHARLES H. MORRIS, Attorney General, JOHN C. DUFFY, Assistant Attorney General, and MATTHEW J. HOLT for appellant.

BARRET, ALLEN & ATTKISSON, ALLEN & DUNCAN and MURRAY, PRENTICE & HOWLAND for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

In April, 1916, the Commonwealth filed two suits in the Fayette county court seeking to assess the personal estate of L. V. Harkness, deceased, for back taxes. One of these actions was filed by Walton M. Byars, revenue agent, and the other was filed by T. C. Bradley, sheriff of Fayette county, both suits, after an amendment to the latter, covering the years 1912-1916, inclusive. On June 2, 1916, and while both actions were pending in the Fayette county court, an agreed judgment was entered

in the Bradley case, assessing the personalty of the Harkness estate for the years 1912-1916, inclusive, and pursuant to this judgment the taxes, penalties and costs for the five years were, on June 8, 1916, paid to the Commonwealth. Thereafter, in the Byars suit, which is this action, the defendants, by answer, pleaded the proceedings and judgment for the Commonwealth in the Bradley suit as a bar. A reply was filed by the Commonwealth, by Byars, charging that the Bradley judgment was collusive, fraudulent and void, and praying that it be declared without force and effect as to this proceeding. To this reply the defendant filed a general demurrer, which was sustained in the county court, and later in the circuit court, to which an appeal was taken, and the plaintiff declining to plead further, a judgment was entered dismissing the petition, from which judgment this appeal is prosecuted.

1. The principal if not the sole question presented by this appeal is whether or not the judgment entered in the Bradley suit is a bar to the further prosecution of this action, seeking to assess the same property for the same years as was assessed in the Bradley suit. As this action is a proceeding which had for its purpose the assessment of the personal property of Harkness for the years 1912-1916, inclusive, and, merely incidental to that purpose, attempts to overthrow the judgment in the Bradley suit, this action is unquestionably a collateral attack upon that judgment. See City of Paducah v. Paducah Traction Company, 168 Ky. 198; Duff v. Hagins, 146 Ky. 792; 23 Cyc. 1062. This attack is also shown to be collateral by a negative test because it does not fulfill the definition of a direct attack in that it is not an appeal from that judgment nor is it a proceeding under the code in the manner pointed out in sections 344, 414 and 518; and an attack made on a judgment in any other way is a collateral attack.· Baker, et al., v. Baker, Eccles & Company, et al., 162 Ky. 683; Harrod, et al. v. Harrod, et al., 167 Ky. 308.

2. In Commonwealth v. Helm, 169 Ky. 194, a proceeding exactly similar to this one was held to be a collateral attack and not the proper proceeding to vacate or modify a former judgment between the same parties even though that judgment was obtained by fraud or collusion, and the proper proceeding to accomplish this

result was therein pointed out. As was stated in Paducah v. Paducah Traction Company, *supra*:

"It is well settled that a judgment of a court having jurisdiction of the parties and the subject matter imports absolute verity and cannot be collaterally attacked; the only way in which it may be avoided is by direct proceeding brought for the purpose of having it vacated."

To the same effect are Buchanan, et al. v. Henry, et al., 143 Ky. 628; Torian, et al. v. Caldwell, et al., 167 Ky. 670; Bamberger v. Green, 146 Ky. 258, and Harrod v. Harrod, *supra*.

As this is clearly a collateral attack upon the judgment entered in the Bradley suit, and, as a collateral attack cannot be made upon such a judgment simply because it is erroneous or was procured by fraud or collusion, it results that that judgment is a complete bar to this proceeding under the above authorities unless the judgment in the Bradley case is absolutely void, and this the Commonwealth seeks to establish upon the ground that under chapter 116 of the Acts of 1912, now sections 4258-4260 of the Kentucky Statutes, a sheriff as a relator cannot bring a suit in the name of the Commonwealth for the collection of back taxes until after the suit has been approved by the supervisor of revenue agents.

3.   This act, in so far as suits are required to be approved before filing by the supervisor of revenue agents, does not by its terms apply to sheriffs but is confined to revenue agents alone.  However, counsel for appellant, although conceding that the act does not, in terms, refer to sheriffs, but refers only to revenue agents, nevertheless argue that in order to attain the evident purpose of the legislature in the enactment, it is necessary that we shall construe the act to apply to sheriffs the same as to revenue agents.  This, however, we not only do not think is warranted by anything in the act itself, but, upon the other hand, the reverse is shown to be true by consideration of the act as a whole, together with a history of this and similar legislation. Not only did the legislature, in that part of the act which requires that suits instituted by revenue agents shall be approved, before filed, by the supervisor of revenue agents, specify only revenue agents without any reference to sheriffs, over whom the supervisor is given

no control, but in the later part of the same act it is made the duty of the revenue agent, and the sheriff in each county, by special reference to both, to cause to be listed for taxation all property omitted by the assessor, board of supervisors, board of valuation and assessment or railroad commission, for any year or years. From this it is apparent that the legislature in enacting the law had in mind the fact that it was the duty of both the revenue agent and the sheriff to list omitted property for taxation, but that it required only the suits by revenue agents to be approved by the supervisor of revenue agents. Not only is this true, but the whole history of such legislation shows that it has always been the intention of the legislature and the purpose of such acts to give to the supervisor of revenue agents control and supervision over revenue agents alone, and that there has never been an intention manifested upon the part of the legislature to restrict or interfere with the right and duty which sheriffs for so long a time have exercised in the listing and assessing of omitted property, entirely independent of and before such an officer as supervisor of revenue agents was created.

Counsel for the Commonwealth are mistaken in saying that in the case of Commonwealth v. Central Consumers' Company, 91 S. W. 711, this court construed the language of section 4260, according to their contention. It was only held there that the term, revenue agent, as used in section 4260 of the Kentucky Statutes, included both the revenue agent for the county and the revenue agent for the state at large. The term, revenue agent, as used in the several statutes which have been enacted with reference thereto has never, so far as we are able to learn, been used to include the sheriff; but in all of these statutes a distinction is clearly manifested, and when both are included both are named, or some such term as "officer," "officer instituting the proceedings," or "other officer of the Commonwealth," is employed.

We, therefore, conclude that the legislature in neither the act of 1912 nor the act of 1906 meant to provide that an action by the sheriff to assess omitted property must be approved by the supervisor of revenue agents before being filed, from which it follows that the Bradley judgment is not void and cannot be attacked in this action; but if attacked it must be upon the ground that

it was procured by fraud or collusion, and this can be done only in a direct proceeding and in the manner pointed out in the code.

4.  A large part of one of the briefs for appellant is taken up with an argument that this action was filed prior to the filing of the Bradley suit, and that, therefore, the Bradley judgment is not a bar to this proceeding.  But there is clearly no merit in this contention, because no matter which suit was filed first, a judgment in either would be a bar to the further prosecution of the other.  As stated in Boatmen's Bank v. Fritzlen, 135 Fed. 650:

"It is not the final judgment in the first suit, but the first final judgment, although it may be in the second suit, that renders the issues in such a case *res judicata* in the other court."

The rule is thus stated in Freeman on Judgments, section 249:

"When a matter is once adjudicated, it is conclusively determined as between the same parties and their privies; and this determination is binding as an estoppel, in all other actions, whether commenced before or after the action in which the adjudication was made."

The same rule is stated a little differently in 23 Cyc. 1113, thus:

"By the weight of authority the fact that a judgment was obtained after the commencement of the suit in which it is pleaded does not prevent its being a bar. It is the first judgment for the same cause of action that constitutes an effective defense, without regard to the order of time in which the suits were commenced."

See also Allis v. Davidson, 23 Minn., 442; Insurance Company v. Harris, 97 U. S. 331; Bank of U. S. v. Merchants Bank, 7 Gill (Md.) 415.

5.  Counsel for appellant also argue that since these suits were brought by different relators in behalf of the Commonwealth, the two actions were not between the same parties; but this court has held in a number of cases, among which are Sebree v. Commonwealth, 115 Ky. 736; Commonwealth v. Ewald Iron Co., 153 Ky. 116; Commonwealth v. Helm, 163 Ky. 69, that the Commonwealth is the real party, and that the revenue agents and sheriffs who are authorized by statute to prosecute these suits in the name of the Commonwealth simply act as

agents; hence the question of priority affects only a controversy between these agents, as to which in a particular suit is entitled to the penalties for his services, and does not change the fact that in each the Commonwealth is the real party, and is bound by a judgment the same as any other litigant would be.

In the recent case of Louisville & Nashville Railroad Company v. Commonwealth, &c., 181 Ky. 193, it was argued for the Commonwealth, in a proceeding like this to assess omitted property, that the judgment in. the suit filed by a revenue agent, Hopkins, was not a bar to a like action filed by another revenue agent named Huntsman, because the Hopkins suit was filed after the Huntsman proceeding; but this contention was overruled and the judgment rendered in the suit filed last was held to be a bar to a further prosecution of the earlier suit.

The above conclusions with reference to appellee's plea in Bar render it unnecessary for us to express an opinion upon the propriety of the lower court's action in overruling the demurrer to the rejoinder filed by the appellee.

For the reasons indicated the judgment is affirmed.