## Conrad v. Martin, et al.

(Decided March 27, 1925.)

### Appeal from Lincoln Circuit Court.

1. Homestead—Purchasers at Decretal Sale Not Entitled to Immediate Possession, as Against Wife who did Not Surrender Her Homestead Right.—In view of Ky. Stats., section 1706, purchasers at decretal sale are not entitled to immediate possession, as against wife who did not surrender her right of dower or homestead in land sold, as wife may claim homestead even after sale.

2. Infants—Infancy is Shield, and Not to be Used as Means for Defrauding Others.—Infancy is a shield for the protection of an infant, and not a weapon of attack to be used as means for defrauding others.

3. Infants—Infant Wife Held Not Estopped by Signing of Mortgage from Claiming Homestead, where no Active Fraud Shown.—An infant wife held not estopped, by signing of mortgage in which her husband was principal, from pleading infancy in avoidance thereof and claiming her dower and homestead rights, notwithstanding she had general appearance of adult, and had two children, where she made no representation as to her age, as mere signing of mortgage did not amount to active fraud on her part.

BAGBY & HUGUELY for appellant.

J. B. PAXTON and J. N. SAUNDERS for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellant, Raymond D. Conrad, and wife, Opal Lee Conrad, in 1920 and 1921, executed six or seven mortgages on a small amount of real property at Rowland, Lincoln county, to different persons and corporations. The amounts involved were small. The real property was worth less than $1,000.00 and was occupied and used as a homestead by appellant, Conrad and his wife. They had two or three small children. He was a housekeeper with a family, and entitled to homestead exemptions.

This controversy arose out of the claim of Mrs. Conrad to a right to continue to occupy the home place after it had been sold by order of the court under a judgment enforcing the mortgages, basing the claim to remain on the premises upon the fact that she was less than twenty-one years of age at the time she signed the several mortgages and was not, therefore, bound thereby, and not having signed the mortgages in a legal sense she had not

forfeited or waived her inchoate right of dower in and to the home place.

The title to the property was in appellant, Conrad. His wife and family resided with him in the home on the premises sold under the decree of the court. It is admitted she signed the mortgages and it is proven beyond doubt that she was at the time she attached her signature to the mortgages only about eighteen years of age. In response to the plea of infancy the mortgagees pleaded that Mrs. Conrad was a large, corpulent person, having the appearance of one more than twenty-one years of age, the wife of appellant and the mother of two or three children at the time she signed the mortgages. It is not claimed, however, that she made any representations as to her age. In fact appellees admit she did not make such representations.

Appellees insist that "a married woman, considerably above the average size for her age, with the appearance of an adult, and the mother of two children, is estopped from pleading infancy in an action to enforce six mortgages acknowledged by her during a period of several months," and rely upon the rule announced in the cases of Young v. Daniel, 201 Ky. 65; Smith v. Cole, 148 Ky. 138; the County Board of Education v. Hensley, 147 Ky. 441.

If Opal Lee Conrad, wife of appellant, did not surrender her right of dower or homestead in the lands in controversy then the purchasers at the decretal sale are not entitled to immediate possession as against her. Kentucky Statutes, section 1706; Ballinger v. Lester, 113 Ky. 96; Hayden v. Robinson, &c., 83 Ky. 615; Thorn v. Darlington, 6 Bush 448. The wife may claim homestead even after sale. Hayden v. Robinson, &c., supra.

The question presented is, did the wife who was only eighteen years of age at the time she signed the mortgages but who had the general appearance of an adult, being a married woman with two children, estop herself by her conduct in signing the mortgages in which her husband was principal, to claim homestead, even though she made no representations as to her age, by pleading infancy and thus avoid the force and effect her signature would otherwise have had? It has frequently been said that infancy is a shield for the protection of an infant and not a weapon of attack to be used as a means for defrauding others. County Board of Education v. Hensley, supra.

It is admitted that the wife was not guilty of any active fraud. It is insisted, however, that she was guilty of fraudulent concealment of the fact she was an infant. In support of this contention appellees cite and rely upon the case of Smith v. Cole, *supra,* where we held in substance that when an infant by reason of his personal appearance, family surroundings, and business activities, coupled with a misrepresentation or fraudulent concealment, leads one who deals with him, in good faith and not knowing he is an infant, to believe that he is of age, he will be estopped from maintaining an action to avoid his executed contract.

That rule was not applied, however, to an infant married woman, especially where there was no active fraud.

After reviewing all the cases of this court and several texts and foreign cases, we held in the case of Looney v. Elkhorn Land & Improvement Company, 195 Ky. 198, that an infant married woman is not estopped to renounce her deed or mortgage and recover lands unless the fraud complained of was active, not merely passive. In that case we said:

"But it will be seen from a reading of the cases that to constitute fraud sufficient to close the mouth of the wife there must be something more than the mere execution of the deed for a valuable consideration, and more than mere silence on her part, or the representation of a future act. There must exist representations or conduct relating to present or past facts somewhat analogous to those necessary to constitute the crime of obtaining property under false pretenses. Hence, in the Mays case, where the vendee knew that his two grantors were married women and that their husbands had not joined in the deeds, an assurance by them 'that their husbands would never interfere with the title or his possession, and that they would not attempt to disturb him in his title or possession,' was held to be insufficient to create fraud on the part of the vendors so as to estop them from thereafter repudiating their deeds."

As admittedly there was no actual fraud or misrepresentation on the part of Mrs. Conrad with respect to her age, she was not guilty of such fraud as forfeited her right to claim her inchoate right of dower or right to homestead in and to the property attempted to be sub-

jected to the debts of her husband in this case. She had, therefore, the right to assert her infancy in avoidance of her deed and to claim dower or homestead in the property and to continue to occupy and use it for herself and family. The mere signing of the mortgages did not amount to such active fraud on the part of Mrs. Conrad as to bring her within the rule laid down in the Looney case, *supra,* to the effect that only active fraud on the part of an infant married woman will estop her to deny her deed or mortgage and assert right to the property conveyed.

As the trial court held Mrs. Conrad not entitled to assert her claim to homestead and to continue to occupy the premises, the judgment must be reversed for proceedings consistent herewith.

Judgment reversed.