## Schlenker et al. v. Clark et ux.

(Decided December 7, 1928.)

## Appeal from Fulton Circuit Court.

1. Mortgages.—Where property sold under mortgage brought less than two-thirds of its appraised value, purchaser was not entitled to possession, nor to conveyance of property within year after sale, under Ky. Stats., sec. 2364.

2. Infants.—Under Civil Code of Practice, sec. 36, subsec. 3, no guardian was required for married woman under 21, in sale of premises under mortgage executed by married woman and husband.

3. Homestead.—Under Ky. Stats., sec. 1706, mortgage signed by married woman under 21 held ineffectual to waive homestead rights.

4. Judgment.—Where term of court at which judgment was rendered expired, trial court had no power to vacate or modify judgment, except such power as is given by Civil Code of Practice, sec. 518.

5. Infants.—Under Civil Code of Practice, secs. 391, 518, infant, if married woman at time when judgment was rendered against her, cannot have judgment vacated after arriving at age.

6. Infants.—Where husband and wife under age executed mortgages on homestead property, and judgments were rendered against them and property ordered sold in action in which husband and wife made no defense, and in which use of homestead right was adjudged to have been waived by execution of mortgages, husband and wife could not, after term in which judgment was rendered, have judgment set aside on ground that wife was infant when signing mortgages.

HESTER & STAHR for appellants.

B. T. DAVIS and W. B. AMBERG for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

Appellees, whom we shall call the defendants, were adjudged a homestead, and the appellants, who were, and whom we shall call, the plaintiffs, have appealed.

On March 25, 1925, the defendants mortgaged certain property to Charles G. Schlenker to secure a debt of $574.92. On April 30, 1925, defendants mortgaged this and other property to Will Boshears to secure a debt of $1,392. Each mortgage was recorded in a few days after it was given. On September 9, 1926, Schlenker sued defendants to enforce his mortgage. Defendants were duly summoned, and, failing to answer, a judgment

was awarded Schlenker on September 24. On January 3, 1927, the McKnight-Keaton Grocery Company filed its petition to be made a party and sought to enforce the Boshears mortgage, which had been assigned to it. Process issued on this petition, which was duly served on defendants. On September 20, 1927, Charles G. Schlenker and Margaret Schlenker filed a pleading, which practically amounts to an assignment of the Schlenker debt to her. Still defendants did not answer, and on September 21 judgment went against them by default. After being appraised at $4,750, on November 14, 1927, the property was sold to the McKnight-Keaton Grocery Company for $1,850. This sale was reported January 16, and on January 19, 1928, it was confirmed, and a deed ordered, which was made, acknowledged, and certified on January 25.

On April 12, defendant Pauline Clark, wife of Jim Dick Clark, tendered an answer, which was ordered filed on May 8, 1928. In this she alleged she became of age on March 18, 1928, and had been an infant without guardian, curator, or committee until that time, and that plaintiffs, knowing this, had not had a guardian ad litem appointed for her; that she and her husband, with their children, had resided on this property as a homestead when and since these mortgages were given. Jim Dick Clark filed similar answer. They asked the court to set aside the judgment, sale, etc., and to award them a homestead, because Pauline Clark was less than 21 years of age when she signed these mortgages. The McKnight-Keaton Grocery Company moved the court to award it a writ of possession. Upon a hearing had, the court overruled the motion of the McKnight-Keaton Grocery Company for a writ of possession, which was properly done. This land brought less than two-thirds of its appraised value less than a year before; hence purchaser was entitled then to neither a conveyance nor possession. See Ky. Stats., sec. 2364.

The court awarded a homestead to the defendants, appointed commissioners to allot same, and the plaintiffs have appealed.

As Pauline Clark was a married woman, no guardian ad litem for her was necessary. See subsection 3 of section 36, Civil Code. As Pauline Clark was less than 21 when she signed these mortgages, they were ineffectual to waive this homestead under section 1706, Ky. Stats. Thus, if defendants had made timely defense, they might have succeeded; but, having allowed judgment by default

to go against them, should they now succeed? Judgment having gone against the defendants, and their land having been sold, they are bound thereby, unless they are able to find some means of overcoming it. To have appealed from the judgment would have availed them nothing, for the record then did not disclose anywhere that the defendant Pauline Clark was an infant when she signed these mortgages, and, that being their only defense against them, it was necessary for them to get that into the record, if they could; so they adopted the course they did. They filed their pleadings setting up her infancy, and asked the court to grant them relief from this judgment. The term of court at which the judgment was rendered having expired, the trial court had no power to vacate or modify it, except such as is given by section 518 of the Civil Code of Practice.

By that section of the Code it is provided:

"The court in which a judgment has been rendered shall have power, after the expiration of the term, to vacate or modify it . . . for errors in a judgment, shown by an infant within 12 months after arriving at full age, as is prescribed in section 391."

Section 391 of the Code provides:

"An infant—other than a married woman— may, within 12 months after" arriving at "21 years, show cause against a judgment," etc.

This clearly shows that, if an infant is a married woman, she cannot do so, and we so held in the case of Eversole et al. v. First Nat. Bank, 136 Ky. 362, 124 S. W. 360. The defendants contend this is not in harmony with the case of Conrad v. Martin, 208 Ky. 411, 270 S. W. 805, and, as the Conrad case is a later case, that it must be regarded as controlling. When we first looked at the Conrad opinion, we were ourselves somewhat perplexed, for it does on its face appear to be out of harmony with the Eversole case; but, when we examined the record in the Conrad case, this confusion was removed, for the record shows Mrs. Conrad had not been a party to the suit by which the land had been sold. If Mrs. Clark had not been served with process, she would be entitled to the same relief accorded Mrs. Conrad; but she was served with process, hence the Eversole case applies, and the court erred in awarding defendants a homestead. They

were offered a day in court; they did not answer. Judgment went against them by default; and that judgment having ordered all the property sold, the question of their homestead right was thereby adjudged to have been waived when these mortgages were executed. Having failed to assert their rights when process was served upon them, there is no relief for them now. See Hunter v. Bearn et al., 11 Ky. Op. 265. Equity favors the diligent.

The judgment awarding a homestead to the defendants is reversed, and the court will enter judgment in conformity to this opinion.