# Wood's Ex'x v. City of Middlesboro et al.

(Decided Feb. 14, 1936.)

LOW & BRYANT for appellant.

CHAS. E. HERD, ROBERT J. WATSON and GOLDEN, LAY & GOLDEN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

On December 18, 1931, Charles A. Wood sued Robert Jackson Turner and his wife, Betty Turner, to re-

cover on a note for $700, and to enforce a mortgage lien on certain lots in Middlesboro by which the note was secured. In addition to asserting a first lien by virtue of the mortgage, the petition alleged that the city of Middlesboro was claiming a lien by virtue of certain taxes, and asked that the city, which was made a party defendant, be required to come into the action and set up its lien. All the defendants being before the court, judgment was rendered on September 13, 1932, adjudging plaintiff a lien for his debt, interest, and costs, and ordering the property sold. In addition the judgment provided as follows:

"The city of Middlesboro, Kentucky, having failed to answer, it is adjudged by the court that it has no interest in the property above described and said property is ordered to be sold free of any lien, claim or interest in behalf of, or in favor of, said city."

In the meantime, and during the month of August, 1932, the city of Middlesboro sued the Turners to enforce its tax liens on the same property, amounting to $267.66 with certain penalties and interest. Charles A. Wood was not made a party to the city's action until after judgment had been rendered in his own favor in his own action. In the case brought by the city the Turners filed a demurrer to the petition on October 11, 1932. On October 21, 1932, the city filed its amended petition alleging that Charles A. Wood and the Citizens Bank & Trust Company, then in receivership, had liens on the property involved, making them parties to the action. On November 9, 1932, Charles A. Wood appeared in the city's action and filed his answer pleading the judgment in his own action in bar of the city's right to assert a lien to his prejudice, and praying that the city's lien be adjudged inferior to his lien. The city did not reply to the answer. After a while the Turners filed an answer, and on March 22, 1933, the case was revived in the name of Mary H. Wood, executrix of the estate of Charles A. Wood. Later on the two actions were consolidated on motion of the city. Thereafter the master commissioner sold the property under the judgment in favor of Charles A. Wood, and Robert J. Turner became the purchaser at the price of $887.80, the amount of the debt, interest, and cost due the estate of Charles A. Wood. The city

filed exceptions to the commissioner's report of sale, and the court adjudged that its tax liens and claims in the sum of $309.33 were superior to all other liens on the property, and directed that the taxes be first paid out of the proceeds of the sale bond. Taking the position that the judgment was void in so far as it undertook to modify the prior judgment in favor of Charles A. Wood, his executrix filed a motion to set aside so much of the judgment in favor of the city as adjudged it a lien superior to the lien of the Wood estate. The motion was overruled. Later on the commissioner's report was confirmed, and the executrix again moved the court to set aside so much of the judgment in favor of the city as adjudged it a prior lien, and ordered the taxes paid out of the sale bond. This motion was also overruled. The executrix has prayed an appeal from the judgment adjudging the city a prior lien, and also from the subsequent orders refusing to set the judgment aside.

Middlesboro is a city of the third class. In cities of that class taxes may be collected by civil action, section 3396, Kentucky Statutes, and the city may obtain a personal judgment against the delinquent and in addition thereto may enforce a lien on his property. Section 3398, Kentucky Statutes. Not only so, but the action authorized by the statute is conducted in all respects like suits upon liens arising upon contracts, and the courts have jurisdiction of all such actions. Section 3399, Kentucky Statutes. It is clear, therefore, that the city may itself bring an action for the enforcement of the collection of taxes, or it may be made a party to an action brought by another lien claimant and be required to come in and assert its lien. Though summoned the city did not answer and set up its lien. Thereupon it was adjudged that it had no interest in the property, and the property was sold free from any lien, claim, or interest in behalf of or in favor of the city. Though the judgment was by default, the rights of the city as between it and Wood were as effectually settled by the judgment as if the action had been one brought by the city itself, Kimbrough v. Harbett, 110 Ky. 94, 60 S. W. 836, 22 Ky. Law Rep. 1578, and the validity of the judgment was not affected by the fact that at the time of its rendition there was pending in the court an independent action by the city in which

it set up its taxes and asserted a lien on the same property; it being the rule that, regardless of the time when two suits involving the same parties and subject-matter were filed, the judgment in either will bar the further prosecution of the other. Commonwealth v. Harkness' Adm'r, 181 Ky. 709, 205 S. W. 787. As the judgment was final and not void, the court was without authority after the term to modify or set it aside, except for causes and in the manner provided by section 518, Civil Code of Practice. Schlenker v. Clark, 226 Ky. 665, 11 S. W. (2d) 725; Watts v. Noble, 203 Ky. 644, 262 S. W. 1114. As this was not done, it follows that the subsequent judgment and orders awarding the city a first lien for its taxes, and directing that the taxes be first paid out of the proceeds of the sale bond, were of no effect, in so far as the Wood estate is concerned.

Coming to the Turners, we have the following situation: Though codefendants in the original action brought by Wood, they and the city were not adversaries in that action, and the judgment that the city had no interest in the property, and directing that the property be sold free of any lien, claim, or interest on behalf of the city, did not operate as an estoppel between them and the city. Hogg v. Caudill, 228 Ky. 396, 15 S. W. (2d) 239. And the subsequent judgment in the action brought by the city awarding the city a first lien on the property was ineffective as to the Woods only, and left the property in lien so far as the Turners were concerned. As the property itself was in lien for the taxes, and the taxes represented a claim that could be recovered by a personal judgment, they were in effect a debt of the Turners, and Robert Turner, the purchaser at the judicial sale, was not entitled to have his own obligation discharged out of the purchase money, which represented the debt and interest which he had originally agreed to pay to Wood. Caine v. Rich, 110 S. W. 289, 33 Ky. Law Rep. 261.

Wherefore, the motion for an appeal is sustained, and the judgments reversed and cause remanded, with directions to set aside so much of the judgments and orders as awarded the city a first lien on the property for its taxes, and directed that the taxes be paid out of the proceeds of the sale bond.

Whole court sitting.